No. 25,715.

THE STATE OF KANSAS, *Appellee,* v. OLIVER SAINDON, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Statutory Rape—Three Counts in Information—Preliminary Examination—Defendant Bound Over for Trial—Motion to Quash Information Properly Denied.* The question whether a defendant being prosecuted on a felonious charge in three counts was bound over at a preliminary examination to answer on all three counts, or only on one count and discharged as to the other two counts, cannot be raised on a motion to quash the information, but should be raised by a plea in abatement.

2. SAME—*Conviction on Three Counts, Each Charging Statutory Rape—No Error.* Record of a conviction on three counts for separately charged offenses of statutory rape examined and no prejudicial error disclosed therein.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed November 8, 1924. Affirmed.

*Willis Crowther, F. C. Norton, David Ritchie,* and *Omar D. Smith,* all of Salina, for the appellant.

*Charles B. Griffith,* attorney-general, and *Ralph Knittle,* county attorney, for the appellee.

The State v. Saindon.

The opinion of the court was delivered by

Dawson, J.: The defendant was convicted of statutory rape on three counts. He assigns error in overruling his motion to quash two of the three counts charged in the information against him, which motion was based on the pretense that at his preliminary examination before the justice of the peace he had only been bound over to the district court to answer on one count. The motion to quash was properly overruled, because such motion would only reach some defect apparent on the face of the information; it would not raise an issue on the want or insufficiency of a preliminary examination. That point would have to be raised by a plea in abatement. (*The State v. Finley*, 6 Kan. 366; *The State v. Blakesley*, 43 Kan. 250, 23 Pac. 570; *The State v. Woods*, 49 Kan. 237, 243, 31 Pac. 786.)

Moreover, the question of the sufficiency of the preliminary examination was inquired into by the trial court on the hearing of the motion for a new trial, at which time it clearly appeared that the preliminary complaint and warrant charged defendant in three counts with the crime of statutory rape, giving specific instances and dates. Evidence in support of these three distinct counts was introduced, which culminated in defendant being bound over to answer therefor in the district court. The information covered the same specific offenses which had been inquired into by the justice of the peace and no others; and the only basis for the claim that plaintiff was bound over to answer on only one count lay in the fact that the justice, in making up his record, recited that from the evidence it appeared that the offense of rape as charged in the complaint and warrant had been committed and that there were reasonable grounds for believing the defendant guilty, etc. But it was clearly shown that this recital was merely defective in grammatical construction, the singular being erroneously used for the plural, and that there had been no material want of conformity with the rules of procedure in criminal cases.

It follows that the judgment cannot be disturbed. (R. S. 62-1718; *The State v. Seidel*, 113 Kan. 390, 392, 214 Pac. 565.)

Affirmed.

Burch, J., not sitting.