BUILDERS LAND COMPANY, appellant, v. ROBERT MARTENS et al.
(constituting Local Board of Review of Assessments in
city of Waterloo), appellees.

No. 50978.

(Reported in 122 N.W.2d 189)

JUNE 11, 1963.

Pike, Hoxie, Butler & Teske, of Waterloo, for appellant.

Everett H. Scott and Robert D. Mason, both of Waterloo, for appellees.

MOORE, J.—The facts in this case are not disputed. It was submitted to the trial court on the pleadings, a joint stipulation and request for adjudication of law points under rule 105, Rules of Civil Procedure. On October 30, 1959, plaintiff as owner of land platted certain lots as an addition to Castle Hill, Black Hawk County, Iowa, to be known as Fairmount Place Replat in Castle Hill. On April 11, 1960, plaintiff platted certain lots as an addition to the city of Waterloo to be known as Crestview Second Addition. For brevity we will refer to them as Fairmount and Crestview. In 1960 each lot in Fairmount for assessment purposes was valued at $31. Each lot in Crestview for that year was valued at $72. For the year 1961 the Fairmount lots were for assessment purposes valued in increased amounts varying from $170 to $650. The Crestview lots for 1961 were valued in amounts varying from $370 to $740. Thereafter plaintiff filed timely separate protests with defendants as members of the duly constituted local Board of Review of Assessments. From rulings denying the protests and approving the 1961 assessments plaintiff filed this action in the district court as authorized by Code section 441.38. The trial court confirmed the 1961 assessments. Plaintiff has appealed.

I. Plaintiff contends here, as it did before the board and the trial court, that the improvements incidental to the platting of the subdivisions are not improvements within the purview of Code section 409.48 (chapter 201, Acts of the Fifty-sixth General Assembly, 1955), and therefore the lots were not subject to revaluation and reassessment in 1961 under Code section 428.4.

Section 409.48 provides:

"Assessment of platted lots. When any plat is made, filed

and recorded by the proprietor or owners under the provisions of this chapter, the individual lots contained therein shall, until sold, leased, or improved, be assessed for taxation at an amount equal to each individual lot's proportionate share, on an area basis, of the assessed valuation of the entire tract immediately before the platting thereof. When an individual lot has been sold, leased or improved, it shall then be assessed for taxation as provided by chapters 428 and 441.

"The provisions of this section shall have no effect upon special assessment tax levies."

Section 428.4 provides:

"Personal property—real estate—buildings. Property shall be taxed each year, and personal property shall be listed and assessed each year in the name of the owner thereof on the first day of January. Real estate shall be listed and valued in 1933 and every four years thereafter * * *."

The year 1961 was one of the regular reassessment years. By stipulation the lots involved in both platted additions had not been sold or leased and the only improvements to the area within each addition and to said lots were improvements resulting from such work as was done incidental to the platting and as required by appropriate platting ordinances such as streets, curbs and gutters, water and gas mains, sewers, electrical lines, and staking out of the lots.

The trial court found these improvements were within the purview of section 409.48 and revaluation in 1961 was required and valid. We agree.

The issue as narrowed requires an interpretation of "improved" as used in section 409.48. We have not heretofore decided this issue.

At pages 414, 415, 42 C. J. S., as to the word "improve" it is said:

"IMPROVE. A common word in everyday use, having a well understood meaning, although it has also been said to be a word without fixed meaning in law, its significance and application being determined in each case by the relation of the parties to

be affected, and the object to be accomplished by the statute or contract in which the word is used. It implies a thing or subject in existence to improve; and has been variously defined in its general sense as meaning to make better; to advance in value, to augment, to enhance, to increase; to ameliorate by care or cultivation, to enhance the quality or value of some existing thing or subject; better to adapt something to the purpose for which it is intended; to change or make better; * * *."

Chase v. City of Sioux City, 86 Iowa 603, 606, 607, 53 N.W. 333, 334, holds a change of the established street grade was sufficient ground for damages resulting to plaintiff's adjoining property. 10 Am. & Eng. Encyclopedia of Law 243 is quoted with approval:

" 'In law, "improvements" is a term meaning changes in the condition of property by which its value is increased. It is usually employed in the plural form, and with reference to real property. Illustrations may be found in the erection of buildings upon land * * * the *construction of sewers, the grading and paving of streets,* the removal of obstructions to streams, the draining of swamps, the clearing of woodland, and many other changes by which the realty affected is made better.' " (Emphasis ours.)

In Richardson v. City of Sioux City, 136 Iowa 436, 441, 442, 113 N.W. 928, 930, 931, in discussing damage to trees in a parking because of change of established street grade it is said:

"It is within common knowledge that street parkings—that is, a space left between the curbline and walk, and quite universal in residence districts—are intended by the city, and in a sense dedicated, for the purposes of street and property adornment. Following the establishment of a grade, every abutting owner is invited, impliedly, at least, to improve such parking by sodding the space in front of his property, and by planting trees, etc., thereon. And, *in doing this, he not only improves the street, but in a substantial sense his own property.*" (Emphasis ours.)

Des Moines City Ry. v. City of Des Moines, 205 Iowa 495, 500, 216 N.W. 284, 286, states:

"Parking is a part of a street not used by the public, but, in a somewhat distinct sense, set apart for the use and improvement of the owners of abutting lots by the planting of trees and shrubs thereon for the beautification of the public thoroughfare, as well as such lots."

Plaintiff's laying out of streets (no doubt including parking), installation of curb and gutter, water and gas mains, sewers and electrical lines was done to better adapt the tract and each lot therein for the purpose for which they were intended, namely, residential lots. Each was made better and its value substantially enhanced. We hold each lot was improved thereby.

II. Among the contentions made by plaintiff is that plain ordinary reading and understanding of sections 409.48 and 428.4 shows the legislature clearly and accurately said and had in mind that the word "improved" as used in section 409.48 contemplated other and additional benefits to individual lots over and above the general improvements incidental to the platting. The trial court did not so conclude nor do we. At most the statute in this regard is of doubtful meaning.

We have frequently held history of legislation may properly be considered in case of ambiguity. Independent School Dist. v. Iowa Emp. Sec. Comm., 237 Iowa 1301, 1308, 25 N.W.2d 491, 496, and citations. Bowman v. City of Davenport, 243 Iowa 1135, 1144, 53 N.W.2d 249, 254, 63 A. L. R.2d 853, says:

"It is fundamental in the construction of statutes that the ultimate object is to determine the real purpose and meaning. A legislative enactment is to be judged from its language and on occasion aid to such construction may be had from its history."

We may resort to legislative journals for the legislative history of a statute of doubtful meaning. Lever Brothers Co. v. Erbe, 249 Iowa 454, 463, 87 N.W.2d 469, 475; 82 C. J. S., Statutes, section 355, page 750; 50 Am. Jur., Statutes, section 328, pages 321, 322.

Like the trial court we have carefully reviewed the legislative history of what is now section 409.48. The proposed legis-

lation was introduced originally as Senate File 328 and also a companion bill House File 511. After certain amendments to House File 511 by the Senate, the House amended the bill by inserting after the word "improved" wherever it appeared the words "within its boundaries". The Senate refused to concur in this amendment and the bill was passed without it. Thus a proposal to limit improvements to those within the boundaries of individual lots was rejected. There is no fair basis for an assumption the language was stricken because it was deemed surplusage.

Striking the provision just quoted is an indication the statute should not, in effect, be construed to include it. This circumstance is a significant factor in a proper interpretation of section 409.48. Independent School Dist. v. Iowa Emp. Sec. Comm., supra, 237 Iowa 1301, 1308, 1309, 25 N.W.2d 491, 496, and citations; Lever Brothers Co. v. Erbe, supra, 249 Iowa 454, 462, 87 N.W.2d 469, 475.

"Rules against reading anything into a statute * * * are particularly applicable to provisions expressly rejected by the legislature." 50 Am. Jur., Statutes, section 330, page 322.

To the same effect is Greene County Rural Elec. Co-Op. v. Nelson, 234 Iowa 362, 367, 12 N.W.2d 886, 889.

Since lot improvements are not limited to those "within its boundaries" the street and utilities improvements are included. We think of no others which are ordinarily furnished outside the boundaries. To sustain plaintiff's contention would accomplish by interpretation the very thing the legislature rejected.

III. Plaintiff argues the trial court's holding leaves section 409.48 a nullity as a city or town council may require certain street and utilities improvements as set out in section 409.5 as the price of approval of a plat for recording. If so required by the council we agree the platter gets no benefits. However such requirement is not mandatory. Under section 409.5 a council may give tentative approval of a plat without such improvements. A bond may be taken in lieu of the completion of such improvements. In that event the platter is given the benefits under the provisions of section 409.48. Such is the statute. Any change is for the legislature and not this court.

After a consideration of all questions presented, the decree is—Affirmed.

GARFIELD, C. J., and HAYS, THOMPSON, PETERSON and SNELL, JJ., concur.

LARSON and STUART, JJ., dissent.

THORNTON, J., takes no part.