No. 43,942

STATE OF KANSAS, *Appellant*, v. CLARENCE E. COOK, *Appellee*.

(393 P. 2d 1017)

Opinion filed July 14, 1964.

*Guy L. Goodwin*, deputy county attorney, argued the cause, and *William M. Ferguson*, attorney general, *Robert E. Hoffman*, assistant attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellant.

*Earl M. Clarkson, Jr.*, of Wichita, argued the cause, and *Wilmer E. Goering* and *I. D. Brown*, of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant (appellee) Clarence E. Cook was charged in an information signed by the county attorney and sworn to by Paul Wade which, omitting caption, reads as follows:

"COMES Now GUY L. GOODWIN, the duly appointed, qualified and acting Deputy County Attorney in and for the County of Sedgwick and State of Kansas, and for and on behalf of said State, gives the court to understand and be informed that in the County of Sedgwick and State of Kansas, and on or about the 6th day of November, 1963, one CLARENCE E. COOK did then and there unlawfully, wilfully drive a vehicle, to-wit: a 1963 Chevrolet bearing 1963 Kansas license D-460A, on a highway in Sedgwick County, Kansas, to-wit: on U. S. Highway 81 at 101st Street North, at the speed of 76 mph in a 65 mph posted speed zone; all of said acts then and there committed being intentional, unlawful, felonious and wilful and being contrary to the statutes in such cases made and provided and being against the peace and dignity of the State of Kansas. (Section 8-532, 1949 G. S. Kan.)

"/s/ GUY L. GOODWIN
"Deputy County Attorney

"*State of Kansas, Sedgwick County*, ss.

"PAUL WADE, of lawful age and first being duly sworn, states that he has read the above and foregoing information, subscribed by Guy L. Goodwin, Deputy County Attorney of Sedgwick County, Kansas, and that he knows the contents thereof; affiant further states that the statements, allegations and facts therein asserted are true and correct.

"/s/ Paul Wade

"Subscribed and sworn to before me this 10th day of January, 1964.

"/s/ Jo Ann Dunn
"Clerk of District Court"

The defendant filed a motion to quash the information on the grounds (1) the information was not positively verified by the complaining witness and (2) the complaining witness, Paul Wade, had informed the court he had no personal knowledge of the offenses charged.

At the hearing on the motion to quash certain facts were stipulated between counsel for the parties to the effect that Wade had no actual personal knowledge of or that he saw the defendant speeding as charged.

The trial court, after hearing argument of counsel on the motion to quash and after considering the stipulated facts as heretofore related, sustained the defendant's motion to quash the information, and the state has appealed.

The determinative question for this court is whether or not the trial court erred in sustaining defendant's motion to quash based on stipulated facts not contained within the four corners of the information against which motion was lodged.

A motion to quash is a proper method of testing the sufficiency of the information to charge a criminal offense. In 4 Wharton's Criminal Law and Procedure, § 1853, p. 706, it is stated:

"The motion to quash is employed to attack the validity of an indictment or information for defects appearing therein. The motion to quash is generally predicated upon matters appearing of record, as distinguished from pleas in abatement which are based upon matters not appearing of record, . . .

"The motion to quash is regarded with disfavor and the policy of the law is to narrow the grounds on which it can be based and the time in which it can be made. In many states, the practice of moving to quash or set aside an indictment or information and the grounds upon which such a motion may be made are regulated by statute, and it has been held that when the statute specifies the grounds, such a motion cannot be based upon grounds not specified. . . ."

Our legislature has seen fit to specify the grounds available to a defendant on a motion to quash. G. S. 1949, 62-1436, provides only three specific grounds for quashing an information: First, that the grand jury had no authority to inquire into the offense; second, that the facts stated do not constitute a public offense; and third, that the information contains any matter which if true would constitute a legal justification of the offense charged. These grounds are exclusive and there are no other statutory grounds in this state upon which an information may be quashed.

In the instant case the first ground is not applicable; the second is not questioned here, as it is clear the information, as hereinbefore set out, charged an offense in the language of the statute; and with

regard to the third, there is nothing shown on the face of the information which constitutes a legal justification or bar to the offense charged.

The information was positively verified by Wade. It must be presumed he had actual knowledge of the facts contained therein; and in the absence of evidence to the contrary it cannot be said he made oath to an offense about which he had no knowledge.

A motion to quash is not a means of testing the guilt or innocence of the defendant with respect to a crime properly charged. Our decisions, as well as those of other courts, hold that a motion to quash only reaches some defect apparent on the face of the information and that all facts therein stated must be accepted as true. A motion to quash does not involve the merits of the case, and whether the prosecution will be able to prove all the allegations of the accusation is not material. The trial court cannot anticipate what facts might be subsequently established during the trial of the case. (*State v. Saindon,* 117 Kan. 122, 123, 230 Pac. 301; *State v. Consumers Warehouse Market,* 183 Kan. 502, 511, 329 P. 2d 638; 42 C. J. S., Indictments and Informations, § 214, p. 1210.) Extraneous evidence cannot be resorted to for the purpose of establishing the insufficiency of an information. (42 C. J. S., p. 1212.) In *Wolfe v. North Carolina,* 364 U. S. 177, 4 L. Ed. 2d 1650, 80 S. Ct. 1482, the Supreme Court of the United States recognized the rights of the state, in ruling on a motion to quash, to follow its established rule that matters of defense are not grounds for quashing an information and that a trial court, in ruling on a motion to quash, cannot consider extraneous evidence nor rest on matters dehors the record proper; therefore, when the defect must be established by evidence aliunde the record, the motion must be denied. This rule, so far as investigation reveals, has been rigidly adhered to in our decisions. (*State v. Saindon,* supra; *City of Hutchinson v. Harrison,* 173 Kan. 18, 24, 244 P. 2d 222; *State v. Consumers Warehouse Market,* supra. See, also, 27 Am. Jur., Indictments and Informations, § 138, p. 695; 22 C. J. S., Criminal Law, § 313, p. 810.)

Since only matters appearing on the face of an information can be taken into consideration on a motion to quash, we are of the opinion the trial court erred in sustaining defendant's motion to quash based on extraneous evidence. Therefore, the judgment is reversed with instructions to the lower court to overrule the motion to quash and proceed with the case.

It is so ordered.