No. 45,442

In the Matter of the Condemnation of Land by the City of Manhattan, Kansas, a Municipal Corporation, for Off-Street Parking Purposes.

THE CITY OF MANHATTAN, KANSAS, a Municipal Corporation, *Appellant,* v. CONRAD J. K. ERIKSEN, HARRIS MILLER OLDSMOBILE, INC., a Corporation, UNIVERSAL SECURITIES, INC., a Corporation, STAN HOERMAN, WENDELL WRIGHT, LEONA MILLER, RICH MARTIN and WALTER SHY, d/b/a MANHATTAN CYCLE SALES, a Partnership, HENRY OTTO, BLAINE THOMAS, SAM GILMAN, FRED ROOKS, MARTHA REYNARD and LEON REYNARD, Wife and Husband, MANHATTAN BUILDINGS, INC., a Corporation and HARDING GLASS OF KANSAS, INC., a Corporation, *Appellees.*

(460 P. 2d 622)

Opinion filed November 8, 1969.

*Charles D. Green,* of Manhattan, argued the cause and was on the brief for the appellant.

*Lee Hornbaker,* of Junction City, argued the cause, and *H. W. Harper, Richard F. Waters,* and *B. L. Abbott,* of Junction City, were with him on the brief for appellees, Harding Glass of Kansas, Inc., and Walter Shy, d/b/a Manhattan Cycle Sales.

*John C. Fay,* of Manhattan, argued the cause and was on the brief for appellees, Blaine Thomas, Sam Gilman and Fred Rooks.

*David K. Clark,* of Manhattan, was on the brief for appellees, Conrad J. K. Eriksen, Harris Miller Oldsmobile, Inc., and Leona Miller.

*Donald R. Hill,* of Manhattan, was on the brief for appellee, Manhattan Buildings, Inc.

*John H. Morse,* assistant attorney general, and *Dana B. Dodderidge,* staff attorney, appeared on the brief for the State Highway Commission as *amicus curiæ.*

The opinion of the court was delivered by

O'CONNOR, J.: This is an interlocutory appeal (K. S. A. 60-2102 [b]) in a condemnation action instituted February 15, 1968, by the

City of Manhattan to acquire five entire tracts of real estate for off-street parking purposes.

The tracts condemned were improved properties occupied by tenants under leases with the respective landowners. The City appealed from the appraisers' award for each of the tracts. On four of the tracts appeals were also taken from the awards by either the landowners (lessors) or one or more of the lessees. The appeals, though separately docketed, were ordered consolidated for a pretrial conference which was held June 21, 1968.

The pretrial order reflects, among other things, that upon the subsequent trial of any appeal the court would instruct the jury that the measure of compensation to the landowners and lessees would be in accordance with instructions previously given the court-appointed appraisers. The district judge found that as to all the pending cases the propriety of his instructions involved controlling questions of law on which there was substantial ground for difference of opinion and that an immediate appeal from the pretrial order would materially advance the ultimate determination of the litigation. Upon the City's application under Rule 5 of this court (201 Kan. xvi), permission was granted to appeal from the district court's order.

The first "controlling question of law" presented for consideration is stated as follows:

"Is the reasonable cost of the removal by the lessee from the leased premises of his goods, wares, merchandise and other personalty for a reasonable distance, a proper element of damage to the lessee for which said lessee may receive compensation under the Eminent Domain Procedure Act of Kansas?"

The lower court's instruction was to the effect a lessee was entitled to the reasonable cost of removing personalty *in addition* to the fair and reasonable market value of his leasehold estate.

The appellant (condemnor) contends that a lessee's cost of removing his merchandise and other personal property from the condemned premises is not to be considered for any purpose in an eminent domain proceeding. The appellees (lessees) concede the district court's instruction goes too far by permitting recovery of removal cost as an independent item of damage, but urge that such cost is a proper factor for consideration in determining the market value of the leasehold.

Appellees direct our attention to *Bales v. Railroad Co.*, 92 Kan. 771, 141 Pac. 1009, where the jury was instructed the cost of removal

of goods and fixtures could be considered in determining the value of the unexpired portion of the lease. Whether or not the instruction was proper, however, was not decided, and the case is not authority to support appellees' position.

Our research reveals the precise point has never been passed on by this court.

The great weight of authority is that an owner or lessee of real property taken or damaged in eminent domain is not entitled to recover as a part of just compensation the cost of removing his personal property from the premises. (*State v. Chun*, 91 Ariz. 317, 372 P. 2d 324; *Ballantyne Co. v. City of Omaha*, 173 Neb. 229, 113 N. W. 2d 486; *Williams v. Highway Commission*, 252 N. C. 141, 113 S. E. 2d 263; *Housing Authority v. Kosydor*, 17 Ill. 2d 602, 162 N. E. 2d 357; 27 Am. Jur. 2d, Eminent Domain § 354; 29A C. J. S., Eminent Domain § 164; Annos. 94 L. Ed. 826, 34 A. L. R. 1523, 90 A. L. R. 165, 156 A. L. R. 397, 3 A. L. R. 2d 312; 4 Nichols on Eminent Domain, [3d Ed.] § 14.2471 [2].)

Nichols, in discussing the prevailing rule, states:

"In general, the lessee's cost of removing his personal property from the land condemned is not an element meriting consideration in ascertaining his compensation whether such item is considered as a separate, substantive element of damages or whether it is considered insofar as its effect upon the market value of the leasehold is concerned. It has been said that the 'just compensation' to which a lessee is entitled is measured by the market value of his leasehold. He is not entitled to more than that because his expenses are increased in consequence of moving his business to another place. . . . Inconvenience and expense incident to vacating the premises upon the expiration of the right to retain them are not proper subjects of consideration in determining the just compensation to be paid by the party acquiring the right to possess and use them. . . ." (pp. 667-670.)

The principles underlying the rule are well expressed in *Williams v. Highway Commission*, supra, wherein it was stated:

"The rationale of the decisions for not allowing the damages are: one, the tenant eventually would have to move anyhow, and this is one of the circumstances attached to placing property on leased premises; second, it is not a taking of property within the language of the constitution, in that the expense of moving and injury to the property in moving is neither a taking or damaging of the property; three, a verdict would be based on conjecture; . . ." (p. 145.)

Under federal condemnation proceedings, where there is an entire taking of the property, whether it represents the interest in a leasehold or fee, the cost of removal or relocation is not included in

valuing what is taken. In other words, the guarantee of just compensation under the Fifth Amendment to the United States Constitution does not provide for allowance for consequential losses. (*United States v. Westinghouse Co.*, 339 U. S. 261, 94 L. Ed. 816, 70 S. Ct. 644; *United States v. Petty Motor Co.*, 327 U. S. 372, 90 L. Ed. 729, 66 S. Ct. 596; *U. S. v. General Motors Corp.*, 323 U. S. 373, 89 L. Ed. 311, 65 S. Ct. 357, 156 A. L. R. 390.)

Constitutional limitations likewise prohibit a state from taking private property for public use without the payment of just compensation. (U. S. Constitution, Amendment 14; Kansas Constitution, Art. 12, § 4.) The authorities previously cited sustain the view expressed by the majority of state courts that in the absence of a statute or agreement to the contrary, removal costs of merchandise or other personal property from a leasehold or fee in land, where there has been a taking of the whole interest, cannot be considered as an element of damage since such loss is neither a taking nor damaging of property under constitutional or statutory provisions similar to the language of K. S. A. 26-513 (*a*):

"Private property shall not be taken or damaged for public use without just compensation."

(See, particularly, *Ballantyne Co. v. City of Omaha*, supra.)

In this state a tenant under a lease is an "owner" of property within the meaning of that term as used in our condemnation statutes (*Eisenring v. Kansas Turnpike Authority*, 183 Kan. 774, 332 P. 2d 539, and cases cited), and his leasehold may not be taken or damaged for public use without the payment of just compensation (K. S. A. 26-513 [*a*]). Under the majority rule, which we think is sound, where there is an entire taking of the leasehold estate, cost of removing personalty is not a part of just compensation to which a lessee is entitled unless made so by statute.

In ascertaining the amount of compensation and damages to which an "owner" is entitled under our Eminent Domain Procedure Act, the legislature enumerated certain factors which shall be given consideration if shown to exist, not as separate items of damage but only insofar as they affect the total compensation and damages recoverable. (K. S. A. 26-513 [*d*].) Cost for removal of personal property is not among those factors listed. Notwithstanding, the matter was not overlooked. Examination of the legislative history leading up to the enactment of K. S. A. 26-513 (*d*) discloses the

original draft of the proposed changes in the statute was prepared by the advisory committee of the judicial council and contained as one of the enumerated factors:

"12. Cost of removal of landowner's personal property to another site, if the cost of such removal is established." (Kansas Judicial Council Bulletin, April, 1962 Ed., p. 35.)

The legislative council considered the committee's draft and submitted a proposed bill to the 1963 Legislature containing item 12 as quoted above. (15th Biennial Report and Recommendations of the Kansas Legislative Council, December 10, 1962, pp. 51 through 63.) The Senate Judiciary Committee, however, in introducing Senate Bill 184, deleted the item. The bill, with several amendments not pertinent here, was finally enacted into law in the form now appearing as K. S. A. 26-513 (d).

The historical background, legislative proceedings, and changes made in a proposed law during the course of its enactment may properly be considered by this court in determining legislative intent. (Urban Renewal Agency v. Decker, 197 Kan. 157, 415 P. 2d 373.) The rejection by the legislature of a specific provision contained in a proposed enactment is persuasive to the conclusion that the act should not be so construed as in effect to include that provision, at least where there is no basis for the assumption that the words omitted were surplusage. (Gilbertson v. McLean et al., 216 Ore. 629, 341 P. 2d 139; Builders Land Co. v. Martens, 255 Iowa 231, 122 N. W. 2d 189.)

The legislative council was directed in 1961 to make a study of the advisability of codifying the laws of eminent domain and to make a report and recommendations to the 1963 Legislature. The council is comprised of members from both houses of the legislature. As part of its function, the council disseminates advance information on legislative matters to all members of the legislature. Consequently, the legislators were fully aware of the proposed bill containing item 12, particularly in view of the footnote calling attention to the fact the purpose of the new section was to eliminate any doubt as to elements of damage. (Biennial Report, supra, p. 62.) The rejection of item 12 by the Senate Judiciary Committee, and finally by the entire legislature, leaves no doubt that the lawmakers did not intend the cost of removing personalty should be considered as a factor in determining the amount of compensation and damages to which an owner was entitled, whether he be the owner of the fee or leasehold estate.

In answer to the "controlling question of law," we hold that the cost of removal by the lessee from the leased premises of his goods, wares, merchandise, and other personalty for a reasonable distance is not a proper element of damage for which the lessee may be compensated under the Eminent Domain Procedure Act.

Two other questions have been submitted for consideration, but in light of the posture in which this case comes to us, we have concluded, as to them, permission to take an interlocutory appeal was improvidently granted.

The district court's pretrial order is erroneous insofar as it relates to the point discussed in this opinion. The order is reversed and the lower court is directed to proceed in accordance with the view herein expressed.