No. 46,768

Ellis Jamerson, *Appellant,* v. State of Kansas, *Appellee.*

(504 P. 2d 147)

Opinion
filed December 9, 1972.

*William J. Fitzpatrick,* of Independence, was on the brief for the appellant.

*Vern Miller,* attorney general, and *Richard A. Medley,* county attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal from an order of the district court summarily denying relief on petitioner's motion under K. S. A. 60-1507.

The petitioner was convicted after a jury trial in April, 1967, of burglary and larceny and sentenced to life imprisonment. This conviction and sentence were appealed to this court and affirmed (*State v. Jamerson,* 202 Kan. 322, 449 P. 2d 542).

Petitioner prepared his 1507 motion with the assistance of the Kansas Defender Project. He did not use the form of motion, or anything "substantially in compliance" therewith, as required by Rule 121 (*e*) of this court (205 Kan. xliv, xlv), although, as we are informed, such forms are available at the Kansas state penitentiary. Essentially two grounds for relief were alleged: (1) Lack of preliminary hearing, and (2) use of a coerced confession.

The trial court had the records before it in ruling on the motion. The law has long been settled that if the records conclusively show the petitioner is entitled to no relief, it is not error to conclude the proceedings by summary hearing, in absence of the petitioner and without appointing counsel to represent him at the hearing (*Daugherty v. State,* 204 Kan. 604, 464 P. 2d 221).

The record here reveals petitioner waived his preliminary hearing. Also revealed is the fact that at his initial trial petitioner was afforded a full evidentiary hearing on the admissibility of his confession. In *Tuscano v. State,* 206 Kan. 260, 478 P. 2d 213, this court stated:

"It is only where constitutional rights have been impaired that trial errors may be considered in a 60-1507 action, and then only where exceptional circumstances are found to exist." (p. 263.)

The trial court properly determined that petitioner's motion should be denied summarily on the record as a matter of law.

The judgment is affirmed.