No. 47,031

M. C. MAYBERRY, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(515 P. 2d 819)

Opinion filed November 3, 1973.

*D. Stewart Oswalt*, of Hutchinson, was on the brief for the appellant.

*Vern Miller*, attorney general, and *Porter K. Brown*, county attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal from denial of relief under K. S. A. 60-1507 without appointment of counsel, evidentiary hearing and presence of the petitioner.

Appellant was charged with first degree murder and attempted first degree murder for having shot his girl friend eleven times and her sister once on December 3, 1969. Appellant was found incompetent to stand trial and was committed to Larned State Hospital for a brief time until his competency was restored. On November 4, 1970, he was represented by counsel and pled guilty to a reduced charge of second degree murder as defined in K. S. A. 21-402. Prior to accepting the plea the trial court conducted a comprehensive inquiry as to the voluntary nature of the plea. After sentencing appellant filed notice of appeal but the trial court dismissed the appeal pursuant to K. S. A. 1972 Supp. 22-3601.

Appellant filed this 1507 proceeding March 1, 1972. His claim for relief is based upon two contentions: (1) He was erroneously denied a right to appeal from his conviction; (2) his guilty plea was the product of coercion. The trial court denied relief in a memorandum opinion.

K. S. A. 1972 Supp. 22-3601 provides in part:

". . . No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or *nolo contendere: Provided,* Jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K. S. A. 60-1507."

The new code of criminal procedure became effective July 1, 1970. In *State v. Mitchell*, 210 Kan. 470, 502 P. 2d 850, the appeal provision was held to be applicable to all guilty pleas entered after July 1, 1970, even though the alleged offense occurred prior to that date. The court iterated that "The supreme court has only such appellate

jurisdiction as is conferred by statute pursuant to Art. 3, § 3, of the Constitution, and when the record discloses lack of jurisdiction it is the duty of the supreme court to dismiss the appeal." (p. 471.) *Mitchell* was followed in *State v. Scott*, 211 Kan. 68, 505 P. 2d 703, in dismissing a direct appeal for want of jurisdiction.

Dismissal of the direct appeal in this case provides no basis for 1507 relief since this court would have lacked jurisdiction of the appeal.

Claims of illegality of the proceedings leading to conviction may still be raised in 1507 proceedings. Appellant's contention that his guilty plea was coerced is such a claim. However, this court has frequently held that where the files and records of the sentencing court conclusively show that petitioner is entitled to no relief it is not error to conclude the 1507 hearing in the absence of petitioner and without appointing counsel to represent him (see e. g., *Jamerson v. State*, 210 Kan. 751, 504 P. 2d 147). The transcript of the proceedings when appellant pled guilty conclusively shows that his plea was knowingly and voluntarily entered (*Sharp v. State*, 203 Kan. 937, 457 P. 2d 14). Moreover, and this was the basis of the trial court's denial, appellant's motion alleged no facts to support his claim that his guilty plea was coerced and his 1507 motion was properly overruled (*Winter v. State*, 210 Kan. 597, 502 P. 2d 733).

The judgment is affirmed.