No. 47,011

Eugene Rice, *Appellant*, v. State of Kansas, *Appellee.*

(518 P. 2d 400)

Opinion filed January 26, 1974.

*Ira Kirkendoll,* deputy defender, was on the brief for the appellant.

*Gene M. Olander,* district attorney, and *Vern Miller,* attorney general, were on the brief for the appellee.

*Per Curiam:* This appeal arises from the trial court's denying appellant, Eugene Rice, an evidentiary hearing on his motion, pursuant to K. S. A. 60-1507, contesting the voluntariness of appellant's guilty pleas.

The record reveals appellant appeared in district court in Case No. 27,688 on January 18, 1971, with court-appointed counsel. Appellant was charged with commission of the offense of burglary and larceny of property of the value of less than $50.00. Appellant entered a plea of guilty to the commission of the offense of burglary as charged, and the charge of larceny was dismissed on motion by the state. The case was continued for sentencing, and appellant was permitted to remain at liberty on bond.

While at liberty and prior to being sentenced, appellant was arrested and charged with commission of the offense of aggravated robbery growing out of the armed robbery of a service station in Topeka, Kansas, on March 8, 1971.

On March 12, 1971, appellant was sentenced on the burglary charge, Case No. 27,688, for a term of not less than one year nor more than ten years.

On April 26, 1971, in Case No. 27,757, appellant appeared in district court with his attorney, at which time appellant entered his plea of guilty to the commission of the offense of aggravated robbery. On May 3, 1971, appellant was sentenced on the aggravated robbery charge, for not less than ten years and not more than life, which sentence was to run concurrently with the previously imposed sentence.

On October 27, 1971, appellant filed a motion pursuant to K. S. A. 60-1507, in district court, alleging that in both cases, Nos. 27,688 and 27,757, he was coerced to plead guilty, he was denied due

process because of the imposition of excessive sentences, and the court was without jurisdiction to impose sentence. On February 8, 1972, after full review of both records, the court denied appellant relief, determining his application was without merit as a matter of law.

The issue raised on appeal is whether the trial court erred in failing to grant an evidentiary hearing concerning the voluntariness of the pleas of guilty entered by appellant in the two felony cases. The record reveals that the court, before accepting the guilty pleas in each case, complied with the ritualistic precepts of K. S. A. 22-3210, 1971 Supp., the legislative caveat and catechism of caution and conduct for the trial court in accepting a plea of guilty.

Appellant explained his participation in the commission of the burglary charged in Case No. 27,688. The sentencing court inquired of appellant if he was satisfied in his own mind that he was guilty, understood that by entering a plea of guilty he waived his right to jury trial, and understood if the court accepted the plea of guilty it was a determination of his guilt. Appellant answered in the affirmative to each question. Notwithstanding, in his 60-1507 motion he contends his plea of guilty in the burglary case was not knowingly and understandingly made, pointing out one response to the court's questions: When asked by the court if he had full opportunity to discuss his case with his counsel, appellant replied, "Not really." Appellant contends that response reflects enough doubt to put the court on notice to conduct a more detailed inquiry at an evidentiary hearing on his motion. Upon appellant's response to the court's question, counsel replied, "I think we have. We have discussed it for a long time, since it has been pending." It was then brought out that the burglary complaint was filed October 28, 1970, more than four months before the sentencing. The record shows that on further questioning by sentencing court, appellant admitted discussing his plea with his attorney and denied threats or promises were made to obtain his guilty plea. Since this is contained in the trial record, the district court did not err in failing to hold an evidentiary hearing on appellant's 60-1507 motion attacking his sentence in Case No. 27,688.

The record in Case No. 27,757 discloses more than seven pages of inquiry by the sentencing court, responses by appellant, prosecutor's recital of the factual basis for the charge, and court's explanation of punishment provided by statute upon a plea of guilty. Appellant indicated in response to questioning by the sen-

tencing court that he had not been forced to enter his plea of guilty, and had discussed the case and his plea with his attorney.

A review of the record compels our conclusion it would be difficult to suggest or conduct more exhaustive and comprehensive explanations of appellant's rights and privileges under the law and consequences of his pleading guilty. The district court did not err in refusing an evidentiary hearing on the validity of appellant's plea of guilty in either case. (*Widener v. State,* 210 Kan. 234, 499 P. 2d 1123; *Sharp v. State,* 203 Kan. 937, 457 P. 2d 14.)

Appellant's contention that he was "coerced" into pleading guilty because of the advice of his attorney, and "threats" by the district attorney that he would be sentenced under the Habitual Criminal Act if he did not enter a plea of guilty, is without merit. The record shows the alleged "threat" by the prosecutor was merely that the Habitual Criminal Act would be invoked. A guilty plea is not rendered involuntary by reason that it was induced by the prosecutor's promise not to invoke the provisions of the Habitual Criminal Act. (*Jones v. State,* 207 Kan. 622, 485 P. 2d 1349; *Weigel v. State,* 207 Kan. 614, 485 P. 2d 1347.) The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the accused.

When the record is conclusive that petitioner is entitled to no relief, it is not error to deny an evidentiary hearing. (*Jamerson v. State,* 210 Kan. 751, 504 P. 2d 147; *Chritton v. State,* 202 Kan. 140, 446 P. 2d 398.)

The judgment of the trial court is affirmed.

PRAGER, J., not participating.