No. 47,407

State of Kansas, *Appellant,* v. Delbert D. Bishop, *Appellee.*

(524 P. 2d 712)

Opinion filed July 17, 1974.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellant.

*Tom Boone,* of Leavenworth, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Harmon, C.: This is an appeal by the state from an order dismissing an information which charged a custodial officer with unlawfully introducing dry yeast into the state penitentiary.

Omitting formal parts, the information stated:

"That at the said County of Leavenworth, in the State of Kansas, on or about the 7th day of June, A. D. 1973, one Delbert D. Bishop then and there being, did unlawfully feloniously and willfully introduce into an institution to-wit: Kansas State Penitentiary, Lansing, Kansas, under the supervision and control of the Director of Penal Institutions, to-wit: Robert N. Woodson, contraband to-wit: dry yeast, without the consent of the warden, to-wit: Raymond J. Gaffney or the Director of Penal Institutions, Robert N. Woodson, in violation of K. S. A. 21-3826."

The pertinent statute, K. S. A. 1973 Supp. 21-3826, provides:

"Traffic in contraband in a penal institution is introducing or attempting to introduce into or upon the grounds of any institution under the supervision and control of the director of penal institutions or any jail, or taking, sending, attempting to take or attempting to send therefrom or any unauthorized possession while in aforesaid institution or distributing within any aforesaid

institution, any narcotic, cynthetic narcotic, drug, stimulant, sleeping pill, barbiturate, nasal inhaler, *alcoholic liquor, intoxicating beverage,* firearm, ammunition, gun powder, weapon, hypodermic needle, hypodermic syringe, currency, coin, communication, or writing without the consent of the warden, superintendent or jailer.

"Traffic in contraband in a penal institution is a class E felony." (Emphasis supplied.)

Pursuant to K. S. A. 1973 Supp. 22-3208 (1), (3) the defendant Delbert D. Bishop filed a motion to dismiss the information on the ground it did not charge a crime. After a hearing at which the state produced evidence the trial court sustained the motion and this appeal ensued.

The state's evidence indicated that a major source of misbehavior within the penitentiary derives from prisoners' use of intoxicants manufactured by them from unauthorized materials; experience has revealed that yeast is the quickest fermenting agent for producing an intoxicating liquor known in prison parlance as "hooch"; rice and other substances can be used as starters but their slower fermentation rate increases the risk of detection during production; internal prison rules prohibit the introduction into the prison of any alcoholic preparation except upon order of the prison physician; yeast is under rigid control within the prison; the rules require that it is to be used in the kitchen only under direction of a supervisory officer, all is to be accounted for and unused yeast is not to be left inside the institution; copies of these rules were furnished to all custodial officers including appellee Bishop.

The essence of appellant's contention here is that the statutory language prohibiting alcoholic liquor or intoxicating beverage can be properly stretched so as to include dry yeast, the most popular and quickest substance used by inmates within the institution to produce illegal intoxicants. It is argued this would be a common-sense interpretation of the statute and would reflect legislative intent. The authority cited by appellant in support does not lead to this conclusion.

It is fundamental that if the facts alleged in an information do not constitute an offense within the terms and meaning of the statute upon which it is based, the information is fatally defective. Ordinarily extrinsic evidence cannot be resorted to in determining this issue (*State v. Cook,* 193 Kan. 541, 393 P. 2d 1017). Beyond this, however, the state's evidence adduced at the hearing does not aid

its position because it fails to show that dry yeast amounts to the same thing as alcoholic liquor or intoxicating beverage.

The pertinent rules for construction of penal statutes were comprehensively stated in *State, ex rel., v. American Savings Stamp Co.,* 194 Kan. 297, 398 P. 2d 1011, as follows: (citations omitted)

"It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it.

"The object of the rule is to establish a rule of certainty to which the individual may safely conform without fear of the statute being misinterpreted by a court or prosecutor. If we go beyond the fair meaning of the language used in the statute and attempt enlargement by implication or intention we have abandoned certainty. Courts are not at liberty to extend by intendment statutes creating and defining crimes. Although the intention of the lawmakers is to be given effect, the intention must be determinable from the words used in the statute to express intent. Aid cannot be sought from outside facts or circumstances, which would leave the results uncertain depending on the energy or the discretion of the investigator. Although the courts in determining the intention of the legislature may look to existing conditions, the causes which impelled the enactment and the object sought to be obtained, such factors in considering a penal statute should be matters of common knowledge." (pp. 300-301.)

Although yeast may be a component of intoxicants, and in a particular setting highly prized as such, we know of no definition or interpretation, lay or legal, equating dry yeast either with alcoholic liquor or intoxicating beverage and we cannot indulge in such lexical stretching.

Appellee here is charged with a felony—not a violation of prison rules and regulations. That the legislature intended only to proscribe the introduction of items specified by it and not by penal authorities is further demonstrated when we examine the predecessor of the statute in question. That act, K. S. A. 1965 Supp. 21-2006 (Laws 1965, Chap. 236, § 1) provided:

"Any person or persons who introduce or attempt to introduce into or upon the grounds of any correctional or penal institution under the supervision and control of the director of penal institutions, or any jail, or take or attempt to take or send therefrom any narcotic, synthetic narcotic, drug, stimulant, sleeping pill, barbituate, nasal inhaler, hypodermic needle, hypodermic syringe, alcoholic liquor, intoxicating beverage, firearm, ammunition, gun powder, weapon, currency, coin, communication, writing *or other item specifically declared to be contraband by the director of penal institutions,* without the consent of the warden, superintendent, or jailer shall be guilty of a felony

and upon conviction shall be punished by confinement and hard labor in the penitentiary for a term of not less than one (1) nor more than three (3) years." (Our emphasis.)

The italized portion of the foregoing was deleted in 1969 (Laws 1969, Chap. 180; K. S. A. 1969 Supp. 21-3826), and in 1970 the statute in question took its present form (Laws 1970, Chap. 127, § 1).

The trial court correctly ruled that dry yeast is not embraced in the statute. Judgment affirmed.

APPROVED BY THE COURT.