(571 P.2d 32)
No. 48,848

HARRY A. ESTERS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed July 29, 1977.

*John E. Pyles,* of Wichita, for the appellant.

*Nola Tedesco Moore,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, for the appellee.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This appeal emanates from the August 14, 1976, fatal shooting of one Virgil E. Riley. Harry A. Esters, appellant, plead nolo contendere to a charge of involuntary manslaughter stemming from the slaying.

Following conviction on the plea, a presentence report was prepared which, we are told, was favorable to appellant. Because of the presentence report, appellant moved the trial court to suspend sentence or grant probation. The court denied appellant's motion and imposed sentence of one to five years pursuant to K.S.A. 21-4501(*e*). Appellant immediately filed notice of appeal and orally moved for rehearing pursuant to K.S.A. 60-1507, which motion was denied. The court stayed execution on the sentence

pending the outcome of the appeal. Shortly thereafter, appellant filed a written motion for rehearing pursuant to K.S.A. 60-1507 which was denied. Appellant then filed an amended notice of appeal as to the court's order on the 60-1507 motion.

Before getting to the merits of this appeal, it is necessary that we briefly consider the state's contention that this court lacks jurisdiction because defendant was found guilty on a plea of nolo contendere. The state relies upon K.S.A. 22-3601 which provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of . . . *nolo contendere.*" We have no jurisdiction on that part of this appeal pertaining to the conviction on the nolo contendere plea. (See *Mayberry v. State,* 213 Kan. 199, 515 P.2d 819.) Accordingly, that part of the appeal is dismissed.

However, the record indicates that following sentencing, defendant filed a motion collaterally attacking the sentence pursuant to K.S.A. 60-1507(*a*). That motion was denied. K.S.A. 60-1507(*d*) provides:

"*Appeal.* An appeal may be taken to the appellate court as provided by law from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

Also, K.S.A. 22-3601 provides immediately following the portion of that statute above-quoted:

". . . *Provided,* Jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507."

Thus, this court has appellate jurisdiction as to the lower court's ruling on defendant's 60-1507 motion, and it is upon that aspect of this appeal that we take jurisdiction.

Esters' only complaint on this appeal relates to the lower court's holding that K.S.A. 1976 Supp. 21-4618 prohibited the granting of probation or the suspending of sentence.

K.S.A. 1976 Supp. 21-4618 provides:

"**Probation and sentencing for certain crimes involving use of firearms.** Probation shall not be granted to any defendant who is convicted of the commission of any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. This section shall apply only to crimes committed after the effective date of this act."

There is no dispute as to whether or not this statute applies here.

The dispute centers around the meaning of the statute. Appellant maintains the statute only prohibits the granting of probation—not the suspension of sentence. The state, however, contends the statute prohibits both the granting of probation and the suspension of sentence.

The outcome of this appeal will turn on our construction of 21-4618. The rules of statutory construction in criminal cases were ably summarized in *State v. Bishop,* 215 Kan. 481, 483, 524 P.2d 712, where the court, relying on *State, ex rel., v. American Savings Stamp Co.,* 194 Kan. 297, 398 P.2d 1011, said:

" 'It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it.' "

Further, from *United Parcel Service, Inc. v. Armold,* 218 Kan. 102, 542 P.2d 694:

"In interpreting a statutory provision which is susceptible of more than one construction it must be given that construction which, when considered in its entirety, gives expression to its intent and purpose. . . ." (Syl. 2.)

Thus, while we are to strictly construe K.S.A. 1976 Supp. 21-4618 in favor of appellant, we are not to so stretch the statute's language as to give it an inordinate meaning. If the statute is susceptible of more than one construction, we must give it that meaning which conforms with the legislative intent.

With these standards in hand, we now turn to the task of construing K.S.A. 1976 Supp. 21-4618. We first note that the statute specifically provides that probation "shall not be granted." That language is clear and concise, and requires nothing further from us.

The statute also says that the "defendant shall be sentenced." Appellant argues that this language does not prohibit a suspension of sentence because it does not specifically say that a suspended sentence shall not be allowed, as is the case with probation. We do not agree. "Suspension of sentence" is defined at K.S.A. 21-4602(2) as "a procedure under which a defendant . . . is released by the court *without imposition* of sentence." (Emphasis supplied.) 21-4618 requires that the defendant *be sentenced.* This requirement, by unavoidable implication,

prohibits suspension of sentence. It is impossible to sentence a defendant as required by 21-4618 and yet not impose that sentence. "Suspension of sentence," by its definition, is the release of a. defendant without sentence. Consequently the only logical interpretation of 21-4618, which requires that the defendant be sentenced, is that that statute prohibits suspension of sentence.

Our examination of the legislative history of 21-4618 indicates to us that our analysis of that statute is correct. The official minutes of both the House and the Senate judiciary committees, which considered and passed 21-4618, speak of such things as mandatory sentences and guaranteed service of jail time. For example, one state legislator commented that "the purpose of the mandatory sentence was the deterrent of the guaranteed service of some time."

We have concluded that both the clear language of 21-4618 and the clear legislative intent in passing that statute require that those criminal wrongdoers who use firearms in the commission of those crimes defined in article 34 of chapter 21 *must* serve some jail time. Appellant's proposal that the statute permits suspension of sentence is contrary to the clear language of the statute and contrary to the legislative intent, and therefore must be rejected.

It should be noted that 21-4618 does not require that appellant actually serve the minimum sentence—only that he be so sentenced. We see nothing in 21-4618 which would prevent a parole should the prison authorities feel such relief to be appropriate at some point in the future.

We therefore hold that the trial court was correct in imposing the minimum sentence of one year. The appellant should immediately commence serving his sentence.

Defendant's appeal on the criminal case is dismissed. The judgment of the trial court on the K.S.A. 60-1507 motion is affirmed.

PARKS, J., dissenting. I respectfully dissent from that portion of the majority opinion which holds that K.S.A. 1976 Supp. 21-4618 prohibits a trial court from granting a suspended sentence as provided by K.S.A. 1976 Supp. 21-4603(2)(*d*).

K.S.A. 21-4602(2) defines "suspension of sentence" as a procedure under which a defendant, found guilty of a crime, upon verdict or plea, is released by the court without imposition of sentence. Subsection (3) defines "probation" as a procedure

where the defendant is released by the court after imposition of sentence, without imprisonment, and subject to conditions imposed by the court. It is clear from the reading of this statute and K.S.A. 1976 Supp. 21-4603 that "suspension of sentence" and "probation" are separate and distinct procedures.

K.S.A. 1976 Supp. 21-4618 provides that "probation" shall not be granted to any defendant convicted of certain crimes where any firearm is used and that such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime.

It is interesting to note that when K.S.A. 21-4618 was enacted in 1976, the provisions of K.S.A. 21-4602 and 21-4603 had been in existence since 1969. The legislature was fully aware of the options available to the trial court in K.S.A. 21-4602 and 21-4603. If the legislature had intended to prohibit the suspension of sentence it would have included that term in K.S.A. 21-4618.

Whether K.S.A. 1976 Supp. 21-4618 is liberally construed or strictly construed, I am unable to agree that "suspension of sentence" can be read into and made a part of that statute.

In reviewing the legislative history of this statute we find that in the 1977 session, Senate Bill 347 was introduced and provided in part:

"K.S.A. 1976 Supp. 21-4618 is hereby amended to read as follows: 21-4618. Probation shall not be granted *nor a suspended sentence allowed* to any defendant who is convicted of the commission of . . ." (p. 3.)

The legislature thus had the opportunity to expressly include "suspension of sentence" in K.S.A. 21-4618, but in failing to pass the bill has not done so.

The supplemental information on Senate Bill 347, prepared by the Legislative Research Department, states: "SB 347 also would prohibit a suspended sentence for any defendant sentenced under the mandatory sentence provisions." I am aware that bill briefs do not express legislative intent; however, I feel that such a statement serves to reinforce my view that as the statute is now written it does not prohibit a suspended sentence.

The historical background, legislative proceedings, and changes made in a proposed law during the course of its enactment may properly be considered by this court in determining legislative intent. (*Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P.2d 373.)

The rejection by the legislature of a specific provision is persuasive to the conclusion that the act should not be so construed as in effect to include that provision, at least where there is no basis for the assumption that the words omitted were surplusage. (*City of Manhattan v. Eriksen,* 204 Kan. 150, 154, 460 P.2d 622; *Gilbertson v. McLean et al.,* 216 Ore. 629, 341 P.2d 139; and *Builders Land Co. v. Martens,* 255 Iowa 231, 122 N.W.2d 189.)

I would vacate the sentence and remand to enable the trial court to exercise its discretion.