640

(586 P.2d 65)
No. 49,946

STEPHEN R. BURDEN, *Appellant,* v. STATE OF KANSAS, *Appellee.*
Petition for review granted December 20, 1978.

Opinion filed November 3, 1978.

*Stephen W. Kessler,* of Legal Services for Prisoners, Inc., of Topeka, and *Michael D. Gibbens,* Legal Intern of Washburn Legal Clinic, of Topeka, for appellant.

*Charles S. Gray,* county attorney, and *Curt T. Schneider,* attorney general, for appellee.

Before FOTH, C.J., SPENCER and MEYER, JJ.

MEYER, J.: Appellant, Stephen R. Burden (defendant), entered a plea of guilty to a charge of writing a worthless check in violation of K.S.A. 21-3707. Defendant's counsel advised the court of a plea agreement with the state to the effect that the state would recommend a sentence of one to five years with immediate probation in exchange for defendant's pleading guilty; the prosecutor indicated that several misdemeanor cases were dismissed as part of the negotiations. The court twice advised the defendant that it was not bound by the terms of the plea agreement, but nevertheless the defendant affirmed his plea of guilty. Subsequently, at the sentencing hearing, defendant requested that his plea of guilty be set aside and that he be permitted to plead not guilty. The court denied defendant's request to change his plea, and the matter now comes before us pursuant to K.S.A. 60-1507.

The issue in this case is whether a defendant should be allowed to withdraw his guilty plea when the court refuses to follow sentencing recommendations made by the state as part of a plea bargain.

Granting or denying a defendant's request to change his plea is a matter resting in the discretion of the court (K.S.A. 22-3210[7]). Here there is no allegation that the state failed to fulfill its agreement; the state in fact made the recommendations and took the actions it promised to take. The question is not, therefore, whether a plea bargain was breached as was the case in *State v.*

*Talsma,* 2 Kan. App. 2d 551, 584 P.2d 145 (1978), but whether a defendant has a right to withdraw his plea when the recommendations of the state are not followed by the court.

In *Rice v. State,* 213 Kan. 591, 593, 518 P.2d 400 (1974), our supreme court stated:

"The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the accused."

Here, the district court fully complied with K.S.A. 22-3210. The court advised the defendant of the consequences of his plea and of the maximum penalty he could receive, determined that the plea was voluntarily made with an understanding of the nature of the charge and consequences of the plea, and established that there was a factual basis for the plea. In addition, the record clearly reflects that the court advised the defendant, twice, that the plea bargain was not binding on the court.

A review of the record is sufficient to determine defendant's motion to vacate sentence, under K.S.A. 60-1507, is without merit.

Affirmed.