THE STATE OF KANSAS v. JOHN GRONING.

1. BURGLARY; *Sufficient Breaking.* The lifting of a latch of a closed door, and the pushing open of the door, with the intent expressed in the statute, is a sufficient breaking, within the meaning of the law, to constitute burglary.

2. EVIDENCE, *Showing Breaking and Entry.* Where a defendant was charged with burglary, under § 68 of the crimes act, and it was shown upon the trial that the outside door of the building or granary, which it was alleged the defendant broke and entered in the night-time, was closed and latched a few hours before the crime was committed, and the next morning was found open, and certain oats and rye taken, *held,* that the jury were justified in finding, upon this evidence, that there was an actual breaking and entry into the building, within the meaning of the law.

3. INSTRUCTIONS—*No Error.* Where a certain instruction is asked for, but refused, and other instructions are given which fully embrace the instruction refused, as far as proper, no error is committed in the refusal.

*Appeal from Mitchell District Court.*

PROSECUTION for burglary and larceny. The defendant *Groning* was tried at the March Term, 1884, found guilty of burglary in the second degree, and of larceny. For the former crime he was sentenced for five years, and for the latter crime for two years. He appeals. The opinion states the facts.

*Yonge & Scott,* for appellant.

*G. P. Smith,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: This was a prosecution for burglary and for larceny committed in connection with burglary, under §§ 68 and 72, ch. 31, Comp. Laws of 1879. The defendant was found guilty of burglary in the second degree, and was also found guilty of larceny. For the crime of burglary he was sentenced to be confined at hard labor in the penitentiary of the state for the term of five years from and including the 29th day of March, 1884. For the crime of larceny he was sentenced to be confined at hard labor in the penitentiary of the state for the term of two years, to commence at the expiration of his sentence for burglary. The defendant appeals to this court.

*First,* It is contended that the evidence does not establish that the crime of burglary was committed, because it is urged that there is no sufficient evidence introduced of an *actual breaking* within the meaning of the law. It is said that the building in which the crime is alleged to have been committed must have been closed or latched, and that this must be shown to be true beyond a reasonable doubt. Said section 68 reads:

"Every person who shall be convicted of breaking and entering in the night-time: *First,* Any building within the curtilage of a dwelling house, but not forming a part thereof; or, *second,* any shop, store, booth, tent, warehouse or other building, or any boat or vessel, in which there shall be at the time some human being, or any goods, wares, or merchandise, or other valuable thing, kept or deposited, with intent to steal or commit any felony therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

The evidence conduced to show that Oliver Hall was the owner of and in the possession of a frame house or building, in Mitchell county, occupied and used by him as a granary; the granary was divided into three rooms — one large room on the south end, two other rooms in the north part, divided by a

board partition—the east one being the larger, was used for storing rye; oats were stored in the south room; there was an outside door on the east and west side, opening into the south room; there was no outside door opening into the room where the rye was kept; a door opened into the room where the rye was, from the south room; this door was made of pine flooring, the same as the partition, and was hung to the partition on the inside of the room containing the rye; on this door there was no latch; there were boards placed cross-wise on the inside of the room against the door, about three feet high, to prevent the rye from running out; the boards were not nailed, but were loose, and held in their place by the weight of the rye; the rye was about twenty-eight inches deep in the room; there were about one hundred and twenty bushels of rye at the time of the burglary; the oats occupied mostly the whole of the south room; Hall was at the granary on the evening of January 23, 1884, a little before dark, to get a barrel of oats; after getting the oats, he shut the outside door and latched it, but did not lock it; the next morning—January 24th—he noticed rye and oats scattered along the road, and in front of the granary; he found the outside door of the granary was open, and the inside door off at the hinges and set up against the partition; about twenty bushels of oats had been taken, and about sixty bushels of rye.

From this evidence, the jury were justified in finding that the defendant, if otherwise guilty, must have unlatched and pushed open the outside door of the granary. When the owner last saw the granary, a few hours before the crime was committed, the outside door was shut and latched.

The next morning after the burglary he found that this door was open. It must therefore have been unlatched and pushed open, and was no doubt unlatched and pushed open by the person or persons who broke into the granary, and carried away the oats and rye therefrom. Within the authorities, the lifting of a latch may, when that is the ordinary mode of fastening, constitute a breaking. (*The State v. Jansen*, 22 Kas. 498.) In *State v. Reed*, 20 Iowa, 413, it was de-

cided that "the pushing open of a closed door will constitute an actual breaking." (*Mason v. People*, 26 N. Y. 200; *People v. Nolan*, 22 Mich. 229; *Frank v. State*, 39 Miss. 705; *The State v. Comstock*, 20 Kas. 650.)

Upon the trial, certain samples of grain were admitted as evidence against the defendant. It is contended that the court erred in not first passing upon the preliminary proof of the competency of this evidence, before the samples of grain were submitted to the jury. This point is not tenable, as it is evident that the court first passed upon the preliminary proof in permitting the evidence to go to the jury. "Generally, the decision of the court that the preliminary proof is sufficient, is only provisional, and the question of its sufficiency must also, and at the close of the trial, be passed upon by the jury." (*The State v. Cook*, 17 Kas. 395.) The identity of the grain was sufficient.

The defendant complains of the following instruction, given to the jury at the request of the state:

"The court instructs the jury that they are not bound to believe all the statements made by the defendant in explanation of his possession of recently-stolen property, if you find he was in possession of property which had been recently stolen; but you are to weigh the evidence of the defendant as you weigh all other evidence in the case, and give credit to only such evidence as commends itself to your judgment."

In this there is no error. The jury were bound to consider all the evidence offered by the defendant, but they were not bound to believe all that the defendant personally testified to. It was for the jury to say whether the *alibi* set up by the defendant was fully established; and it was also for them to say whether the possession of the stolen property was satisfactorily explained by the defendant.

"When twelve jurymen who hear the living voice and see the man who utters it, believe one witness and disbelieve four, and the judge who has the same opportunities of judgment declares that he thinks that they ought to have so believed and disbelieved, it seems very like trifling with the sacredness of jury trials for us, who know nothing but the written story

of what was said and done, and that story too often imperfect and incomplete, to decide all this is wrong, and that the jury and judge ought to have believed and found the other way." (*Railway Co. v. Kunkel*, 17 Kas. 171, 172.)

The defendant asked the court to give the following instruction:

"If there is any reasonable doubt as to the reality of the connection of the circumstances of the evidence with the crime as charged, or as to the completeness of the proof of the crime as charged, or as to the proper conclusion to be drawn from the evidence, you must find the defendant not guilty."

This was refused. The court, however, directed the jury as follows:

"In this as in all criminal cases, the defendant is to be presumed innocent as to each offense until his guilt and every essential ingredient of such offense is established by the evidence beyond all reasonable doubt." . . . "A few facts or a multitude of facts proven, all consistent with the supposition of guilt, are not enough to warrant a verdict of guilty. In order to convict on circumstantial evidence alone, not only the circumstances must all concur to show that the prisoner committed the crime, but they must, all considered together, be inconsistent with any other rational conclusion." . . . . "That in order to justify the inference of legal guilt from circumstantial evidence, the existence of the inculpatory facts must be absolutely incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than that of his guilt."

The directions so given fully embraced the law upon all points included in the instruction asked for, but not given. Therefore, under the circumstances, there was no error in the refusal.

The judgment of the district court must be affirmed.

VALENTINE, J., concurring.

JOHNSTON, J., not sitting.