THE STATE OF KANSAS v. GEORGE GARRISON.

BURGLARY—*Buggy House, a Building.* A buggy house, "in which goods, wares, merchandise and other valuable things are kept and deposited,' is a building in which burglary may be committed, under § 68, chapter 31, of the General Statutes of 1889.

*Appeal from Johnson District Court.*

AT the May term, 1892, *George Garrison* was convicted of burglary in the second degree and larceny.  He appeals.

*H. L. Burgess,* for appellant:

The building in which the information charged the larceny to have been committed was not a shop, store, booth, tent, or warehouse; but, if burglary was committed, it was in a building comprehended under the words "other building." We take the position that both the courts of England and America have interpreted the statutes which specify particular objects and things, and then by a general phrase, *ejusdem generis,* comprehend others.  The authorities on this proposition are all one way, and that is, that the words "other persons," "other buildings," have relation to and signify the same character or class as the one preceding the general words.  Here the words "other buildings" have relation to the one building just preceding it, which is a warehouse.  It does not mean all the things which precede.  It does not mean "tent or other building," because a tent is not a building; hence, it means "warehouse or other building."  So "other building" has relation to "warehouse," and it is settled by all the law upon this subject that the "other building" must be of the same character of those mentioned.  Upon this proposition we cite the following authorities: We particularly call the attention of the court to Sutherland on Statutory Construction, pp. 351–354, § 268, and cases there cited.  When general words follow particular and specific words, the former must be confined to things of the same kind.  It was held

that a bull was not included under the words "or other cattle," as used in a statute which made it indictable for any person to wantonly or cruelly beat, abuse and ill treat any horse, mare, gelding, mule, ass, ox, cow, heifer, steer, sheep, or other cattle. See the many cases here cited: *Bucher v. Commonwealth*, 103 Pa. St. 528; *McDade v. The People*, 29 Mich. 50; *Edson v. Hayden*, 20 Wis. 715; *Carlo v. Tufts*, 4 Cush. (Mass.) 453; *Valentine v. Boston*, 20 Pick. (Mass.) 201; *Wilcox v. Jackson*, 13 Pet. (U. S.) 496; *Leavenworth Rly. Co. v. United States*, 92 U. S. 742; *Bevitt v. Crandall*, 19 Wis. 581; *Chegary v. Mayor*, 13 N. Y. 20; *Duansburger v. Jenkins*, 40 Barb. (N. Y.) 574; 108 N. Y. 137; 71 id. 481; 121 Ill. 61; 75 Wis. 462; 2 Minn. 89; 49 Mo. 559; 80 Va. 237.

Endlich on Interpretation of Statutes, p. 569, and note, says:

"An act which made it felony to break and enter into a dwelling, shop, warehouse, or countinghouse, would not include a workshop, but only that kind of shop which had some analogy with a warehouse; that is, one for the sale of goods."

Any other construction, which would be breaking in upon the settled law, would make it burglary to break into a chicken house and steal a chicken, or a church and steal a chair, or stable and steal a currycomb, or corncrib (which is a building) and steal a bushel of corn.

A clear, close and comprehensive examination of this section of the statute and the authorities will convince any learned court that the words "other building," as used in this statute, signify the same class and character of building as those just preceding it, which is " warehouse;" and that to break and enter a corncrib and steal corn, or a chicken house and steal a chicken, is not burglary within this statute; that where burglary is charged under the words "other building," it must be similar to or of the character of a warehouse. The statute covers every conceivable building, booth or tent by name wherein burglary can be committed.

If the legislature had intended by the words "other building" to include every conceivable building, then it would

have done so by one compendious word, to wit: "Every person who shall in the nighttime break and enter any building in which there shall be kept," etc.

*S. D. Scott,* county attorney, for The State:

This court has decided that burglary may be committed in a saloon building. *The State v. Comstock,* 20 Kas. 650. The same question was raised in that case that is raised in this, and the court did not deem it of sufficient importance to devote any time or space to the discussion of it, but in six words decided it.

In *The State v. Groning,* 33 Kas. 18, the defendant was convicted of burglary in breaking and entering a building used as a granary.

Under the common law, which makes burglary the breaking and entering a dwelling house, the crime may be committed by breaking into a church (1 Russ. Crim. 785; 1 Hale, P. C. 556) or a theatre, if anything of value is stored in it. *Lee v. The State,* 56 Ga. 478.

In Missouri, under a statute similar to ours, it has been held that a railroad depot is included under the general words "other buildings." *The State v. Edwards,* 19 S. W. Rep. 91.

A stable is fairly included in the statute defining burglary in that class of structures denominated "other buildings." *Orrell v. People,* 94 Ill. 456.

The term "warehouse" has been held to include a *cellar.* *Reg. v. Hill,* 2 Moo. & R. 458.

Any house used for storing goods is a warehouse within the meaning of the word as used in the statute. *Allen v. The State,* 10 Ohio St. 287.

A tobacco house used for storing and drying tobacco held to be a barn, and burglary charged as committed in a barn held good. 26 Ohio St. 420; 38 id. 7.

In *The People v. Strickman,* 34 Cal. 242, breaking and entering a chicken house was held burglary, under a statute reading "dwelling house or any other house whatever."

The opinion of the court was delivered by

ALLEN, J.: The defendant was convicted of burglary in the second degree and larceny. The burglary is charged to have been committed in a buggy house, in which there were goods, wares, and merchandise. Appellant's counsel contend that a buggy house is not included among the buildings in which burglary may be committed. The section of the statute under which the defendant was prosecuted reads as follows:

"SEC. 68. Every person who shall be convicted of breaking and entering in the night time: First, any building within the curtilage of a dwelling house, but not forming a part thereof; or, second, any shop, store, booth, tent, warehouse or other building, or any boat or vessel, in which there shall be at the time some human being, or any goods, wares, or merchandise, or other valuable thing, kept or deposited, with intent to steal or commit any felony therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

It is said that the term "other building" has relation to the kinds of buildings specifically mentioned in the statute, and can only be held to include buildings of the same character. Conceding this contention to be correct, we think a buggy house in which goods are kept is fairly included by the terms of the statute. In *The State v. Comstock*, 20 Kas. 650, it was held that burglary might be committed in a saloon building. In *The State v. Groning*, 33 Kas. 18, the defendant was convicted of burglary in a granary. Both these convictions were sustained by this court. The phrase "warehouse," when used in its popular sense, is very comprehensive. It is defined by Webster as a storehouse for goods. We think a buggy house, in which goods are stored, is certainly a building of the same kind as a warehouse, if not properly included within the term "warehouse." The judgment will be affirmed.

All the Justices concurring.