## THE STATE OF KANSAS v. A. F. POOLE.

### No. 13,204. . (70 Pac. 637.)

#### SYLLABUS BY THE COURT.

1. BURGLARY— *Chicken-house an " Other Building."* .A frame chicken-house, having doors and a board roof, is comprehended by the words "other building," used in the second subdivision of section 2059, General Statutes of 1901.   The case of *The State v. Rogers*, 54 Kan. 683, 39 Pac. 219, followed.

2. ————— *What the Building must Contain—Instruction Necessary.*   To constitute burglary in the second degree, under section 2059, General Statutes of 1901, the building broken into and entered must at the time contain some human being, or have goods, wares, merchandise or other valuable thing kept or deposited therein.   It is the duty of the court to instruct the jury that these essential elements of the crime must be found before the accused can be convicted.

Appeal from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed November 8, 1902.   Reversed.

*A. A. Godard*, attorney-general, *J. S. West*, and *Galen Nichols*, county attorney, for The State.

*C. A. Magaw*, and *R. F. Hayden*, for appellant.

The opinion of the court was delivered by

SMITH, J. : The appellant, A. F. Poole, was informed against in the district court, charged with burglary and larceny.   It was alleged that he burglariously broke into and entered a certain building, commonly called a hen-house or chicken-coop, belonging to one N. T. Caldwell, in which building merchandise and valuable personal property were then and there kept and deposited, with the felonious intent to steal and carry the same away.   It was further charged that, being in said building, the appellant did take, steal and carry away four hens, of the

value of fifty cents each.   He was convicted of burglary in the second degree and larceny, and sentenced to the penitentiary at hard labor for a period of seven years.

It is contended by counsel for appellant that the building into which he was charged to have broken and entered, not having been alleged to be within the curtilage of a dwelling-house, is not covered by the use of the words "or other building," in the second subdivision of section 2059, General Statues of 1901. That section reads :

"Every person who shall be convicted of breaking and entering in the night-time—*First*, any building within the curtilage of a dwelling-house, but not forming a part thereof ; or, *second*, any shop, store, booth, tent, warehouse or other building, or any boat or vessel, in which there shall be at the time some human being, or any goods, wares or merchandise, or other valuable thing, kept or deposited, with intent to steal or commit any felony therein, shall on conviction be adjudged guilty of burglary in the second degree."

The argument is that the words "other building" refer to buildings of the same general character to those particularly mentioned, and that a chicken-house is not comprehended within the words "shop, store, booth, tent, warehouse," for the reason that it does not partake of the character of such buildings, and that, under a well-settled rule of construction, where a particular class is spoken of, and general words follow, the class first mentioned is to be taken as the most comprehensive, and the general words are to be treated as referring to matters *ejusdem generis* with such class.

We were much impressed on the argument by the reasoning of counsel for appellant in support of this contention.   We find, however, that the question has

been decided against the position taken by them in the case of *The State v. Rogers*, 54 Kan. 683, 39 Pac. 219, where this same section of the statute was before the court for construction. It was there held that a court-house was included within the words "or other building," in the second subdivision of the statute above set out. In the case mentioned the doctrine contended for by counsel was given much consideration. The court said:

"We think the legislature intended to include buildings of other classes than those specifically mentioned. We are very clear that banks, offices, and buildings used for many other purposes, are within the protection of the statute if valuable things are kept in them."

In the present case, the chicken-house alleged to have been burglarized was twenty feet long and eight feet wide, with doors and a board roof. The court gave to the jury an instruction setting forth the elements of burglary in the second degree, as it is defined by statute. Following this, the court gave the jury this instruction :

"If you believe, from the evidence in this case, that the building described in the information was an enclosed building, about twenty feet long and about eight feet wide, with a partition therein, and that the building was constructed with doors to be used in entering the building, and was built and used by the complaining witness as a building within which to keep his chickens, then I instruct you that would constitute a building, as contemplated by our statute."

Section 2059, General Statutes of 1901, above set out, makes it a necessary ingredient of the crime of burglary that the breaking and entering should be in a building in which there shall be at the time some human being, or goods, wares or merchandise or other

valuable thing kept or deposited. The instruction given informed the jury that it was sufficient if the evidence against the appellant showed that the building was built and used by the complaining witness as a building "*within which to keep his chickens.*" All of this might have been true, and yet, at the time of the breaking and entering, the building might have been without contents and entirely empty. The breaking and entering a building, though it be generally used as a chicken-house, and built for that purpose, would not constitute burglary unless at the particular time it contained goods, wares or merchandise, or other valuable thing. The prejudicial omissions from this direction to the jury were not supplied by any other instructions.

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.