THE STATE OF KANSAS, *Appellee*, V. PETER SANDERS *et al.*, *Appellants.*

No. 16,458.

SYLLABUS BY THE COURT.

WORDS AND PHRASES — *"Building"* — *Criminal Prosecution for Injuring.* A dugout, or cave, thirteen feet long, ten feet wide and seven feet deep, mostly below the surface of the ground, covered with a roof and entered through a door made of lumber securely fastened to the structure, and used for the storage and preservation of victuals, vegetables and the like, is a building within the meaning of section 107 of the crimes act (Gen. Stat. 1901, § 2100), which prohibits and punishes "every person who shall willfully, unlawfully and maliciously break, destroy or injure the door or window of any dwelling house, shop, store or other. house or building, . . . being the property of another."

Appeal from Ellis district court; JACOB C. RUPPEN-THAL, judge. Opinion filed February 12, 1910. Affirmed.

*A. D. Gilkeson,* for the appellants.

*Fred S. Jackson,* attorney-general, and *J. P. Shutts,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellants were convicted under section 107 of the crimes act, which so far as is pertinent to this inquiry reads:

"Every person who shall willfully, unlawfully and maliciously break, destroy or injure the door or window of any dwelling house, shop, store or other house or building, . . . being the property of another, shall on conviction be adjudged guilty of a misdemeanor." (Gen. Stat. 1901, § 2100.)

In the amended complaint it was alleged that appellants did willfully, unlawfully and maliciously break and destroy a door or part of a building commonly

known as a cave and used as a storeroom. The testimony introduced at the trial showed that the cave, which is owned by Alois Dreiling, is thirteen feet long, ten feet wide and seven feet deep, covered with a roof, and is entered through a slanting door, made of wood. The cave is near the residence of Dreiling and is used in connection with it to store vegetables and victuals. On the night of the breaking appellants started out in search of intoxicating liquor, and they appeared to think that some might be found in the Dreiling cave. They went to the cave, tried the door, and finding it securely locked they broke it down, and as they were entering the cave they were intercepted and driven away.

There is a contention that the original complaint in the case charged appellants with two offenses, as it alleged the breaking of a door attached to and forming a part of "a storeroom or building." There is nothing substantial in that objection. It is manifest that only one offense was charged, and that the prosecution treated the terms "storeroom" and "building" as synonymous and by their use intended to describe and designate a single structure. (*Commonwealth v. Bossidy*, 112 Mass. 277.) The complaint, however, was amended and the term "storeroom" was stricken out, so appellants were not misled or left in doubt whether they were charged with breaking and destroying the doors of one or two buildings, nor could there have been any uncertainty as to the subject matter of the charge.

It is the next contention that the cave in question is not a "building" within the meaning of the statute. Nothing contained in the section which defines the offense indicates that the legislature intended to give a restricted meaning to the term "building," nor is there any qualifying clause, except that it shall be the property of another. Webster defines the word "building"

as "a fabric, or edifice constructed; a thing built." Mr. Bouvier defines it as "an edifice, erected by art, and fixed upon or over the soil, composed of stone, brick, marble, wood, or other proper substance, connected together, and designed for use in the position in which it is so fixed." (1 Bouv. Law Dic.) The dugout, or cave, injured and destroyed by appellants is a substantial structure, securely enclosed, and was used for the storage and preservation of food, vegetables and the like. It is none the less a building because it is constructed partly under the surface of the ground or its walls are of earth instead of wood or other material. It was a completed structure, entered through a door which formed a part of the house. In the early history of the state many such buildings were used as habitations for people, and many are still in use to store and shelter property. The edifice in question is clearly a building within the meaning of the statute under which the prosecution was had, and the breaking and injury of the door of the building was a violation of that statute.

There is nothing substantial in the objections to one of the instructions, and no reason is seen for disturbing the verdict of the jury. The judgment is affirmed.