No. 23,992.

THE STATE OF KANSAS, *Appellee,* v. JOE HALL, alias JOE FRANK HANLEY, *Appellant.*

SYLLABUS BY THE COURT.

1. LARCENY—*Articles from Different Floors of Department Store—Chargeable as Single Offense.* The stealing of several articles upon different floors of a department store during one visit of the defendant thereto may properly be charged as a single offense in one count of an information. And it is held that the evidence justified a finding that the articles here involved were taken without the defendant having left the building.

2. SAME—*Evidence of Good Reputation of Defendant—Instruction.* When the jury is told that evidence of the previous good reputation of the defendant in a criminal case should be considered for its bearing upon his credibility as a witness as well as upon the broader question whether there is a reasonable doubt of his guilt, no error is committed in refusing to add that such evidence stands as a recommendation that he will speak the truth.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 10, 1922. Affirmed.

*R. M. Lee,* and *W. E. Atchison,* both of Topeka, for the appellant.

*Richard J. Hopkins,* attorney-general, *Tinkham Veale,* county attorney, and *Ralph H. Gaw,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: The defendant was convicted of grand larceny, and appeals. He was charged in one count with stealing a lady's suit worth $99.50, a lady's waist worth $6.75, and a wrist watch worth $6.75, and was found guilty of stealing property worth $75. The suit and waist were stolen on the third floor of a department store and the watch on the first. The defendant contends that the evidence conclusively shows that the goods on the different floors were taken by at least two separate acts constituting distinct offenses, and on that account complains of the overruling of his motion to require the state to elect as to the taking of which article the state would rely upon for conviction.

One witness for the state testified that she saw the defendant and a woman who accompanied him enter and leave the first floor by the street door and that they were in her sight during all the intervening time—about ten minutes. The jury, however, may have thought she was mistaken in part and that without her noticing it

The State v. Hall.

they may have visited the upper floor in the meantime. The defendant testified that he went to the store after he had eaten lunch, which was about one o'clock. The state's witness already referred to said that he and the woman entered the store a few minutes after one. Another witness testified to seeing them on the third floor about one o'clock. This evidence justified a finding that all the goods were taken on the same visit to the store and there is no occasion to consider whether it would have made any difference if they had gone outside of the building in the interval between the taking of the goods on the different floors. In these circumstances the treatment of the taking of the several articles as constituting a single offense gives the defendant no just cause of complaint.

"Where several articles are taken from the same owner at or about the same time by the same thief, the better practice, in spite of the fact that there are technically several takings, is to regard the takings as a single offense, and to indict and punish but once. This is clearly the case when the goods are taken at the same time by one act of taking. But it is equally true where the goods, although taken at substantially the same time, are taken independently." (25 Cyc. 61.)

"But a series of larcenous acts, regardless of the amount and value of the separate parcels or articles taken, and regardless of the time occupied in the performance, may and will constitute, in contemplation of law, a single larceny, provided the several acts are done pursuant to a single impulse and in execution of a general fraudulent scheme." (*West v. Commonwealth,* 125 Va. 747, 754.)

"From the great number and variety in the character of the articles found, it is manifest that complainant [the defendant in the larceny prosecution] must have begun her thefts immediately after she entered the employ of the company, and that she continued them daily until the time of her arrest. . . . though the larceny is of several different articles, if they are taken in substantially the same transaction, their value may be aggregated, in order to make out a charge of grand larceny. . . . Each case must be determined upon its own special facts and circumstances. If, as it is said by some of the courts, the different asportations are prompted by one design, one purpose, one impulse, they are a single act, without regard to time." (*Ex parte Jones,* 46 Mont. 122, 124-126.)

"The testimony indicates there was more than $50 worth of the property taken the night before. If they were taken that night, it would necessarily follow that they were taken in pursuance of one purpose and design, and not taken at different dates. The fact they were taken from different sections of the store under the circumstances of this case would not constitute different takings, and would support the proposition that they were taken in pursuance of one purpose, and, legally speaking, at the same time, so far as the doctrine of theft is concerned when applied to different takings." (*Wilson v. The State,* 70 Tex. Crim. Rep. 631, 633.)

There was evidence that the stolen goods were worth the amount alleged in the information. The defendant argues that the value found by the jury shows that the verdict was the result of a compromise. One witness testified that there had been a depreciation in value—probably as much as 33⅓ per cent. A deduction of one-third from the total amount alleged would give in round numbers $75, and this was probably the basis of the amount returned in the verdict—at all events it may have been.

It is suggested that some of the jurors may have thought the defendant took the watch but not the suit or waist, while others may have thought he took the suit and waist but not the watch. The verdict indicated that all of them must have believed he stole the suit, for that was necessary to bring the amount of the stolen property up to $75, or to make the offense a felony. It is obvious, therefore, that no substantial prejudice could have resulted even if the contention of the defendant in this regard were otherwise sound.

2. The defendant also complains of the refusal of a requested instruction regarding the effect of evidence of his previous good reputation, couched in the language of the fourth paragraph of the syllabus in *The State v. Deuel*, 63 Kan. 811, 66 Pac. 1037. The instruction was given substantially in the form asked except that it omitted the statement that such evidence "stands as a recommendation that he will speak the truth." The language of the syllabus was evidently chosen to make clear the respect in which the instruction then under consideration fell short of what was required. Its use in that connection carried no implication that it is necessary to use the quoted words in charging the jury on the subject of the weight to be given to character evidence, and no such necessity exists. The jury were properly told that they should consider the testimony covering the defendant's reputation for its bearing upon his credibility as a witness as well as upon the broader question whether there was reasonable doubt of his guilt. This was sufficient.

The judgment is affirmed.