No. 47,131

STATE OF KANSAS, *Appellee*, v. ALBERT PERRY GREEN, *Appellant*.

(516 P. 2d 926)

Opinion filed December 8, 1973.

*Thomas H. Bornholdt*, of Cooke, North, Crossette & Dickson, Chartered, of Prairie Village, argued the cause and was on the brief for the appellant.

*J. J. B. Wigglesworth*, assistant district attorney, argued the cause and *Vern Miller*, attorney general, *Margaret Jordan*, district attorney, and *Richard S. Wetzler*, assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant appeals from conviction for theft of property valued in excess of fifty dollars, a violation of K. S. A. 1971 Supp. 21-3701, and sentence therefor of six years to life imprisonment.

Security guards Kenneth Fuchs and Dale Hanson of the K-Mart store, 95th and Metcalf, Overland Park, Kansas, testified they observed defendant, Albert Perry Green, and a companion, Mel Edwards, in the following acts on July 24, 1971. Defendant put on a $33.88 sport coat belonging to the store and wore it out the door without paying for it. Once outside, he placed in a shopping cart a $49.88 vacuum cleaner and a $52.87 8-track tape player displayed at a sidewalk sale, wheeled them to his parked car, placed them inside, and locked it. When approached and asked to explain his possession of these items, they testified defendant walked away from his car through the parking lot, climbed a fence and continued walking through an open field. His companion walked away from the locked car in the opposite direction. Fuchs followed defendant and Hanson went to the store to call police. Bob Buster, Fuchs'

assistant, was left to guard the locked car. Overland Park police apprehended defendant, who was being followed by Fuchs, about a block from the store in an open field. He was taken back to the parking lot to defendant's car and defendant was informed of his constitutional rights. Defendant refused to unlock the car, but was searched and the key found on him was used to unlock the car. The merchandise was taken into custody and defendant arrested.

Defendant testified he and his companion, Mel Edwards, had been drinking on the day in question. They went to the K-Mart store to have the brakes adjusted on defendant's car. Defendant admitted he walked out wearing the sport coat without paying for it, but contended the other merchandise (vacuum cleaner and tape player) and Mel Edwards were already in the car when he got to it.

Defendant requested an instruction to the jury on the crime of petty theft or theft of goods valued under fifty dollars, a class A misdemeanor, but the court refused that instruction and instructed the jury only on theft of property over fifty dollars, grand theft, a class D felony.

Defendant alleges it was error to deny his requested instruction on the lesser included offense of petty theft as required by K. S. A. 1971 Supp. 21-3107 (3) (now K. S. A. 1972 Supp. 21-3107 [3]), and the instructions given did not cover all the evidence and his theory of defense; i. e., that he stole only the coat.

The state contends K. S. A. 1971 Supp. 21-3107 (3) is not mandatory if evidence adduced at trial and the charge as set forth in the information make it unreasonable to conclude the defendant would have been convicted of the lesser offense. The state cites *State v. Masqua,* 210 Kan. 419, 424, 502 P. 2d 728:

". . . The district court has an affirmative duty to instruct on lesser included offenses even in the absence of a request by defense counsel or the prosecution; however, that duty arises only where the omitted instruction is required by the evidence and under circumstances where the appellant might reasonably have been convicted of a lesser offense if the instruction had been given."

In *Masqua* the court found appellant could not reasonably have been convicted of second degree murder or manslaughter because they were not lesser included offenses of felony murder in the first degree. Masqua requested instructions on murder in the second degree and manslaughter based upon testimony he had been drink-

ing on the date of the murder. He contended the jury should have been afforded an opportunity to apply the principle of diminished responsibility and to find defendant was incapable of the premeditation required to commit first degree murder. The evidence showed the victim was raped shortly before death and the information charged defendant with first degree murder for homicide perpetrated during the commission of a felony (forcible rape). The felony is the statutory equivalent of deliberation and premeditation and they are presumed. Defendant was guilty of felony murder in the first degree or guilty of nothing. The requested instructions on murder in the second degree and manslaughter were properly denied as a matter of law.

The state argues the "single larceny doctrine" dictated a finding that defendant was guilty or not guilty of theft of property valued in excess of fifty dollars and it was unreasonable, *i. e.*, legally not possible, to find defendant guilty of petty theft. The single larceny doctrine is a rule of evidence, not a rule of law, which permits but does not require the trier of fact to consider a series of larcenies, embezzlements or other thefts to be the result of a single larcenous scheme. If the total value of several items stolen from the same place or at the same time is above the statutory amount, the defendent can be charged with and found guilty of grand theft. (*State v. Hall,* 111 Kan. 458, 207 Pac. 773; *State v. Gordon,* 146 Kan. 41, 68 P. 2d 635; *State v. Roberts,* 210 Kan. 786, 504 P. 2d 242.) When a suspect is apprehended in unexplained possession of several items recently stolen from the same place, as in this instance, the police and prosecution would be derelict in their respective duties if they did not total the value of the property and charge defendant with the greater offense. To try defendant on a series of petty thefts would constitute harassment, double jeopardy, bring criminal justice administration to a standstill, and would be unjust to the victim of the thefts. The necessity of applying the doctrine for purposes of charging defendant with grand theft does not prove guilt of grand theft. It merely provides the basis for a jury's finding defendant's acts constituted grand theft rather than a series of petty thefts.

Whether defendant stole all the property found in his possession is an issue of fact and cannot be taken from the jury. Defendant alleges as his defense to charges of grand theft that he stole only the $33.88 coat and is guilty of petty theft only. Defendant is entitled to have the jury instructed on his theory of defense if there is any

evidence to support it. (K. S. A. 1972 Supp. 21-3107 [3]; *State v. Severns,* 158 Kan. 453, 148 P. 2d 488, Syl. ¶ 4; *State v. Osburn,* 211 Kan. 248, 505 P. 2d 742; *State v. Fitzgibbon,* 211 Kan. 553, 507 P. 2d 313; *State v. Warbritton,* 211 Kan. 506, 506 P. 2d 1152; *State v. Seely,* 212 Kan. 195, 510 P. 2d 115, Syl. ¶ 1.) Defendant's own testimony was competent evidence, if believed, upon which the jury could have found defendant guilty of petty theft. The trial court is not to weigh such evidence or assess its reliability, but is to view it in the light most favorable to the defendant, which means the court must consider defendant's version of the facts as possible and believable.

Other trial errors will not be discussed in view of our conclusion of reversible error as outlined above.

Reversed with directions to grant a new trial.