(603 P.2d 1038)
No. 50,439

STATE OF KANSAS, *Appellee,* v. JEANETTE CONNER, *Appellant.*

Petition for review denied February 6, 1980.

Opinion filed December 21, 1979.

*Craig Shultz,* of Shultz, Fry & Fisher, of Wichita, for the appellant.

*Charles Millsap,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, for the appellee.

Before ABBOTT, P.J., SPENCER and PARKS, JJ.

PARKS, J.: This is an appeal from a conviction of making a false writing, contrary to K.S.A. 21-3711.

Early in January, 1978, Robert Bachman, an employee of the First National Bank in Wichita, picked up a Master Charge card from the defendant, Jeanette Conner, because her account was over the limit and delinquent. On March 10 Bachman told defendant in a telephone conversation that a sale at the Aloha Motel had come through on her account. As a result of this conversation, Bachman left a note for Lynne Gable, secretary for William Rogers, the bank card officer and head of security, advising that Jeanette Conner had said she didn't have another card nor had she charged anything at the Aloha Motel. Based on this note, Mr. Rogers directed Jo Ann Sabastin to make out a "lost and stolen" report on the morning of March 13.

Later that day, Ms. Conner came into the Master Charge office to meet with Rogers. Mr. Rogers admitted that during his afternoon conversation with the defendant he did not personally show the report made by Sabastin to the defendant. While the defend-

ant was waiting for Tom Davis to take handwriting samples, Jo Ann Sabastin told defendant that she was going to take some identification information to complete her lost/stolen report. Sabastin obtained defendant's name and date of birth and put them on the report. The report was in front of Sabastin at the time she was furnished the information by the defendant; however, Mrs. Sabastin testified that she did not know whether the defendant saw the report. Mr. Davis also testified that certain notations on the face of the report were his; that he did not show his copy of the report to the defendant or ask her to adopt it as her own.

At a subsequent interview with bank employees and a police officer, defendant admitted having made the unauthorized purchases. This action was commenced, charging defendant with making a false writing. At trial the State introduced the lost/stolen reports into evidence as the alleged false writings under K.S.A. 21-3711. The jury returned a verdict of guilty of the crime charged and this appeal followed. As one point on appeal, defendant contends the court erred in overruling her motion for judgment of acquittal in that the State failed to present sufficient evidence to prove all elements of the crime charged. We agree.

Where the defendant contends the evidence at trial was insufficient to sustain a conviction, the standard on appeal is: Does the evidence when viewed in the light most favorable to the prosecution convince the court that a rational fact finder could have found the defendant guilty beyond a reasonable doubt? *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979), following *Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979). The State has the burden of establishing every essential element of the offense. *State v. Williams,* 196 Kan. 274, 285, 411 P.2d 591 (1966); *State v. Wood,* 188 Kan. 833, 840, 365 P.2d 1080 (1961).

K.S.A. 21-3711 provides:

"Making a false writing is making or drawing or causing to be made or drawn any written instrument or entry in a book of account with knowledge that such writing falsely states or represents some material matter or is not what it purports to be, and with intent to defraud or induce official action."

Since it is undisputed that defendant did not make the lost/stolen report, the issue is whether there was sufficient evidence to convict the defendant of causing the written instruments to be made with knowledge that the report falsely stated a material matter within the meaning of the statute.

It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operation. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read so as to add or to substract from that which is readily found therein. *State v. Floyd,* 218 Kan. 764, 766, 544 P.2d 1380 (1976); *Esters v. State,* 1 Kan. App. 2d 503, Syl. ¶ 3, 571 P.2d 32 (1977).

The clear import of K.S.A. 21-3711 is that a person must make or cause to be made a written instrument *with knowledge* that such writing falsely states or represents some material matter and with intent to defraud or induce official action. Knowledge means actual information of fact—the actual state of knowing—and not opinion, speculation or constructive notice. 60 Am. Jur. 2d, Perjury § 9. Here there was no evidence defendant saw the written instrument or was made aware of its contents. The only information furnished by defendant which she was aware would be included in a report was her name and date of birth; there is nothing to indicate that this information was false. Certainly there could be no criminal intent on the part of the defendant unless it was shown that she had knowledge of the contents of the reports. *State v. Miller,* 132 Kan. 474, 478, 296 Pac. 714 (1931).

The burden was on the State to prove beyond a reasonable doubt that the defendant had knowledge that the *writing* falsely stated some material matter.

We are convinced that a rational fact finder could not have found, beyond a reasonable doubt, that defendant had such knowledge. Accordingly, we hold the evidence was insufficient to establish the crime defined in K.S.A. 21-3711.

The conclusion we have reached makes it unnecessary for us to consider the other alleged errors. For the reasons set forth, the judgment is reversed.