No. 67,091

STATE OF KANSAS, *Appellant,* v. ROBERT D. MCCLANAHAN, *Appellee.*

(836 P.2d 1164)

Opinion
filed July 10, 1992.

*Debra A. Vermillion,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Paul J. Morrison,* district attorney, were with her on the brief for appellant.

*Andrew L. Warren,* deputy district defender, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: Robert D. McClanahan, Jr., was charged with three counts of burglary of a motor vehicle, K.S.A. 1991 Supp. 21-3715, and one count of felony theft, K.S.A. 21-3701. Following the preliminary hearing, the district court dismissed two of the three counts of burglary of a motor vehicle. The State appeals.

During the night of July 23, 1991, McClanahan crawled under a fence at the rear of the United Telephone Company in Gardner where the company's trucks and vans were parked when not in use. McClanahan opened a total of six trucks and took three Makita drill sets, valued at $275 to $300 each. Because the trucks were contained within a fenced area and not visible from the street, it was company policy to leave the trucks unlocked at night. Thus, the entries caused little damage to the trucks.

The State charged McClanahan with three counts of vehicular burglary and one count of felony theft based upon the aggregate value of the items taken. At the preliminary hearing, McClanahan moved the district court to dismiss all but one count of burglary, citing the single larceny doctrine, also known as the single impulse rule. On August 30, 1991, after taking the motion under advisement, the district court dismissed two counts of burglary and specifically found "vehicular burglaries are subject to the single impulse rule and therefore, the State may only charge this case as one vehicular burglary." The district court further found sufficient probable cause to believe McClanahan committed the remaining crimes charged and bound him over for trial. The State then requested the remaining charges be dismissed without prejudice pending the outcome of this appeal.

The sole issue on appeal is whether the single impulse rule applies to vehicular burglary.

We first recognized the single larceny doctrine in *State v. Hall,* 111 Kan. 458, 207 Pac. 773 (1922). In *Hall,* the defendant was charged with grand larceny based upon the theft of three items from two floors of a department store. We stated:

" 'Where several articles are taken from the same owner at or about the same time by the same thief, the better practice, in spite of the fact that there are technically several takings, is to regard the takings as a single offense, and to indict and punish but once. This is clearly the case when the goods are taken at the same time by one act of taking. But it is equally true where the goods, although taken at substantially the same time, are taken independently.' [Citation omitted.]

" 'But a series of larcenous acts, regardless of the amount and value of the separate parcels or articles taken, and regardless of the time occupied in the performance, may and will constitute, in contemplation of law, a single larceny, provided the several acts are done pursuant to a single impulse and in execution of a general fraudulent scheme.' [Citation omitted.]

" '. . . Each case must be determined upon its own special facts and circumstances. If, as it is said by some of the courts, the different asportations are prompted by one design, one purpose, one impulse, they are a single act, without regard to time.' [Citation omitted.]" 111 Kan. at 459.

In *State v. Roberts,* 210 Kan. 786, 791, 504 P.2d 242 (1972), *cert. denied* 414 U.S. 832 (1973), we further explained that the single larceny doctrine is a rule of evidence which may be applied in cases of larceny, embezzlement, and other thefts and

"will support a jury finding of grand larceny from evidence of a series of petty thefts which the jury infers to be part of a single plan, scheme, or single larcenous impulse.

"When property is stolen by a succession of takings from the same owner and from the same place, each taking is a separate crime if it results from a separate impulse or intent. However, if it appears that a single incriminating impulse or intent is involved in the successive takings, they constitute a single larceny."

Most recently, we addressed the single larceny doctrine in *State v. Fox,* 242 Kan. 457, 749 P.2d 16 (1988), in which we applied the doctrine to unemployment fraud. After discussing the development of the doctrine in Kansas, we found that earlier cases established two basic principles of law. They are:

"(1) Separate acts of theft or embezzlement may constitute felony theft if the acts were the result of one larcenous impulse or plan.

"(2) Whether or not the separate acts· were the result of one larcenous impulse or plan is a question of fact.to be determined by the jury,

. . . .

"The proper way to charge a defendant under these circumstances is to have an information containing several counts.. One count should charge a felony under the single larceny doctrine, and there should be alternative misdemeanor counts for each payment received in the event the jury rejects the single larceny theory." 242 Kan. at 462-65.

The Court of Appeals in *State v. Waufle,* 9 Kan. App. 2d 68, 71, 673 P.2d 109 (1983), applied the single impulse rule to the crime of criminal damage to property. In *Waufle,* the defendant and four friends entered the Prairie Dog Recreation Area (PDRA) and found golf carts, with keys in them, parked in a storage building. The defendant drove a cart owned by a PDRA member for 30 to 60 minutes. During that time, the defendant ran over a tree, assisted in taking two golf course flags, and collided with another golf cart. The defendant claimed the charge of felony damage to property was duplicitous because it charged property belonging to three different persons or entities was damaged. The Court of Appeals affirmed the trial court on this issue, finding the evidence was clear and convincing that the offenses were not separate and distinct. Instead, the acts were committed pursuant to a single impulse of the defendant.

The State contends the single impulse rule is not applicable to burglary charges. The State further argues larceny and burglary are separate and distinct offenses and, therefore, it is not incongruous for the State to charge McClanahan with felony theft based upon the single impulse rule while also charging him with multiple burglary counts. For support the State cites K.S.A. 21-3107(1), which states: "When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes." The State also cites K.S.A. 22-3202(1), which provides a defendant may be charged with two or more crimes in the same complaint if the crimes charged are based upon the same act or transaction or constitute parts of a "common scheme or plan."

The State claims each charge of vehicular burglary is based upon specific evidence of entry into three separate and distinct

vehicles; thus, the defendant is chargeable with three separate counts of vehicular burglary which are not multiplicitous.

In response, McClanahan argues the State is attempting to use a single wrongful act as the basis for multiple charges and, therefore, the three vehicular burglary charges are multiplicitous. McClanahan also claims the State is breaking up his intent in order to charge him with vehicular burglary three times while merging his intent in order to charge him with a single count of felony theft. Essentially, McClanahan contends the State wants to have it both ways and is applying a double standard.

In *State v. Scott,* 250 Kan. 350, Syl. ¶ 2, 827 P.2d 733 (1992), we stated: "A test for determining whether a continuous transaction results in the commission of but a single offense is whether separate and distinct prohibited acts, made punishable by law, have been committed. *A single motive for a series of acts does not necessarily result in a single crime.*" (Emphasis added.) K.S.A. 1991 Supp. 21-3715 provides in pertinent part: "Burglary is knowingly and without authority entering into or remaining within any . . . (2) motor vehicle . . . with intent to commit a felony or theft therein." Therefore, in order to charge McClanahan with three counts of vehicular burglary the State must present evidence which supports a finding of probable cause that McClanahan entered three different and distinct trucks owned by the United Telephone Company. These three charges are not multiplicitous because each requires proof of a fact not required in proving the other two charges. *Scott,* 250 Kan. at 356. That fact is the uniqueness of each vehicle.

Furthermore, the State must prove McClanahan had the "intent to commit a felony or theft" within each vehicle. K.S.A. 1991 Supp. 21-3715 does not require the State prove McClanahan had the intent to commit felony theft within each vehicle. The intent element may be proved with evidence of an intent to commit a misdemeanor theft. At the preliminary hearing McClanahan did not refute the evidence presented that he had taken a Makita drill set from each of the vehicles.

As noted earlier, McClanahan contends the State should not be allowed to consolidate his intent to commit a theft in order to charge him with a single count of felony theft and at the same time charge him with three counts of vehicular burglary. We

have stated, however, that "larceny and burglary are separate and distinct offenses. There is no compound offense of burglary and larceny." *State v. Finley*, 208 Kan. 49, 57-58, 490 P.2d 630 (1971). Although in *Finley* we were referring to the burglary of a dwelling house and not a vehicular burglary, the same rule applies in this case. Vehicular burglary and theft, whether felony or misdemeanor theft, are two separate and distinct crimes. The intended theft required for vehicular burglary, if committed, does not merge with the vehicular burglary to form one crime. Therefore, it is up to the jury to decide whether McClanahan had the requisite intent to commit three vehicular burglaries while also committing felony theft.

We hold the single impulse rule does not apply to vehicular burglary where multiple vehicles are burglarized. K.S.A. 1991 Supp. 21-3715 controls and makes each burglary of a vehicle a separate crime. As to the preliminary hearing issue, the State is required to show probable cause that a crime was committed and it is more likely than not that the person charged with the crime actually committed it. *State v. Huff*, 235 Kan. 637, Syl. ¶ 1, 681 P.2d 656 (1984). The State met this standard. The two counts of burglary should not have been dismissed.

McClanahan raises one other issue. He argues the fenced lot in which the United Telephone Company's vans and trucks were parked is a "structure" under *State v. Fisher*, 232 Kan. 760, 658 P.2d 1021 (1983), thus confining his act to a single burglary rather than three separate vehicular burglaries. The State charged McClanahan with three vehicular burglaries, which the facts support. Since the prosecutor has discretion to charge whatever crimes are indicated by the facts, and exercised that discretion here, we find this issue is without merit. See *State v. Pruett*, 213 Kan. 41, Syl. ¶ 1, 515 P.2d 1051 (1973).

The judgment of the trial court is reversed.